### UNITED STATES of America
### v.
### Sam SILVER.
### Commissioner's Return No. 16471.

United States District Court
E. D. Pennsylvania.

Aug. 14, 1961.

Joseph S. Lord, III, U. S. Atty., by Daniel J. DiGiacomo, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Garfield W. Levy, Philadelphia, Pa., for defendant.

WOOD, District Judge.

The record in this case indicates that a warrant of arrest was issued on the complaint of Richard E. Wood, before T. D. Cashen, United States Commissioner, in the Southern District of Florida, Jacksonville Division. The complaint charges the 'defendant in general with wilfully imparting or conveying, or causing to be imparted or conveyed, false information to the effect that the defendant had stated that he had a bomb in a brief case which he was carrying in the Imeson Airport, Jacksonville, Florida, on July 11, 1961, in violation of the provisions of the Act of July 14, 1956, § 1, 70 Stat. 540, 18 U.S.C.A. § 35.

The defendant was apprehended by the United States Marshal in the City of Philadelphia, Eastern District of Pennsylvania, on July 11, 1961. After two continued hearings, he appeared before Edward W. Furia, United States Commissioner, at his office, 4060C United States Court House, 9th and Chestnut Streets, Philadelphia, Pennsylvania, on Wednesday, August 2, 1961.

A well conducted and full hearing was held before the United States Commissioner, at which time two witnesses testified on behalf of the Government. The defendant was represented by counsel who conducted the cross-examination. As a result of that hearing, the Commissioner quite properly, we believe, directed that the defendant be held under bail of $1,000 and defendant was permitted to sign his own bond in that amount. The matter was brought before us for review in connection with the provisions of Rule 40 of the Fed.Rules of Crim.Proc., 18 U.S.C.A. This Court held a full hearing on the matter on August 8, 1961, at which time the United States Attorney and counsel for defendant agreed that no further testimony was necessary and both would rely on the record as contained in the transcript of the hearing before the United States Commissioner.

There is no serious dispute as to the facts in this case. Admittedly, as stated in the memorandum supplied to us by counsel for the defendant, the defendant, stated to the ticket agent when making arrangements for his flight: "I have a bomb in my brief case." (NT 5). It is also clear that when this statement was made the agent immediately took precautionary steps, as directed by his superiors, which resulted in the alerting of airport guards and the Federal Bureau of Investigation as to the statement made by the defendant. The defendant was thereafter kept under surveillance and was ultimately questioned by the officers. It appears that the plane, carrying eighty-eight passengers from Jacksonville, Florida to Washington, D. C. en route to Philadelphia, was delayed some twenty minutes due to this occurrence and that the defendant was not permitted to board it. As a side issue, it was also revealed that in his luggage the defendant was carrying a can of aerosol bug spray with the words "bug bomb" imprinted thereon.

There is no doubt but what the statement that he had a bomb in his brief case was made in jest, but the peculiar sense of humor attributable to this defendant does not lessen the seriousness of the legal consequences of his acts.

As we say, the factual situation is not in dispute. The legal consequences thereof are seriously questioned by counsel for defendant. The duty of the Court, of course, is to determine whether or not there was probable cause to justify the issuance of a warrant of removal. If the statement admittedly made by the defendant comes within the provision of the Act, there is obviously probable cause.

The defendant, however, argues vigorously that to be a violation of § 35 of Title 18 U.S.C.A. he must have done some act which comes within the provisions of Title 18, Chapter 2, the Aircraft and Motor Vehicles Act, or Title 18, Chapter 97, referring to Railroads, or Title 18, Chapter 111, referring to Shipping. He argues that the carrying of a bomb into an airport terminal, even if this were done, would not be in violation of any of these Acts.

The pertinent section, Title 18, § 35, provides:

"Whoever willfully imparts or conveys or causes to be imparted or conveyed false information, knowing the information to be false, concerning an attempt or alleged attempt being made or to be made, to do any act which would be a crime prohibited by this chapter or chapter 97 or chapter 111 of this title—shall be fined."

Section 32, Title 18 U.S.C.A., provides:

"Whoever with like intent, willfully places or causes to be placed any destructive substance in, upon, or in proximity to any such aircraft, or any aircraft engine, propeller, appliance, spare part, fuel, lubricant, hydraulic fluid, or other material used or intended to be used in connection with the operation of any such aircraft, or any cargo carried or intended to be carried on any such aircraft, or otherwise makes or causes to be made any such aircraft, aircraft engine, propeller, appliance,

spare part, fuel, lubricant, hydraulic fluid, or other material unworkable or unusable or hazardous to work or use."

We gather from defendant's argument that, first, these interrelated sections make no provision for the mere carrying of a bomb into an airport or if they do that the rendering of the false statement is no crime unless coupled with some intent or attempt to do damage to an aircraft. This is an ingenuous argument but we cannot subscribe to it. It is our opinion that the two sections are completely separate from each other and, in fact, provide separate and distinct penalties. It will be noted that the crime with which this man is charged requires no intent or attempt, but says: "Whoever willfully imparts or conveys" and further, "concerning an attempt or alleged attempt being made or to be made" to do acts prohibited by law. This section of the Act, as we understand it, requires no more than the wilful giving of information which, if true, could be a connecting link in the violation of another Act. It would be ridiculous to assume that to violate this Act by giving false information would require in addition the actual and true intent to do damage to aircraft. We hold therefore that to be in violation of Section 35, proof of intent to violate Section 32 is unnecessary and that the false statement made in the airport where defendant was obtaining passage on a plane about to leave is sufficiently related to the operation of the aircraft as to clearly come within the prohibition of Section 35. It is obvious that Congress intended by this section to prohibit exactly what happened here. We cannot help but take judicial notice of similar situations elsewhere where individuals of a completely distorted sense of humor or pranksters with juvenile minds have caused expensive delays, investigations, hardships, and induced fear by such acts.

Counsel for defendant in his able argument would have us believe that the section of the Act under which the warrant was issued is a nullity. It is the opinion of this Court that when the false state-ment is made wilfully the defendant has violated that Act and the question of wilfulness is one for a Grand Jury and a trial court to determine. We, therefore, find that there is probable cause of the violation of the Act under which the defendant is held and the following order is entered:

### Order

And now, to wit, this 14th day of August, 1961, the defendant is directed to appear before the Court on Monday, August 14, 1961, at 10 a. m., for proceedings not inconsistent with this opinion.