**UNITED STATES of America,
Appellee,**

v.

**Bruce Wesley. ALLEN, Appellant.**

**No. 345, Docket 27160.**

United States Court of Appeals
Second Circuit.

Argued May 1, 1963.

Decided May 17, 1963.

W. Paul Flynn, New Haven, Conn. (Frank J. Raccio, New Haven, Conn., on the brief), for appellant.

John Nicoll, Atty., Dept. of Justice, Washington, D. C. (Herbert J. Miller, Jr., Asst. Atty. 'Gen., and Robert C. Zampano, U. S. Atty. for the District of Conn., on the brief), for appellee.

Before CLARK, SMITH and HAYS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Appellant was tried to the court, William H. Timbers, J., on a one-count information charging wilful conveying of false information, known to be false, concerning an alleged attempt to damage a civil aircraft, in violation of 18 U.S.C. § 35 [1] (the bomb hoax or false tip statute), a misdemeanor, convicted and sentenced to imprisonment for one year, suspended after six months with two years probation and a $250 fine, from

[1] "§ 35. Imparting or conveying false information

"Whoever willfully imparts or conveys or causes to be imparted or conveyed false information, knowing the information to be false, concerning an attempt or alleged attempt being made or to be made, to do any act which would be a crime prohibited by this chapter or chapter 97 or chapter 111 of this title—

"shall be fined not more $1,000, or imprisoned not more than one year, or both." ·

which he appeals.[2] He contends that there was no proof from which a finding of evil purpose could be made, and that such evil purpose is necessary to find wilfulness within the meaning of the statute. He also contends that the information filed and the proof are defective for failure to include an allegation that the false report contained an allegation of intent on someone's part to destroy the plane. We hold that the information was sufficient, that wilfulness in this misdemeanor statute need not include an element of evil purpose and we affirm the conviction.

Allen and a friend, Roth, were at the ticket counter of an airline at the Bradley Field Terminal in Windsor Locks, Connecticut, Roth intending to fly to Chicago. Roth had two bags, one large and one small. An attendant took the large bag to a scales a short distance down the counter, asking whether Roth was to carry or not the small bag. Allen handed Roth the small bag, asking "is that the bag with the bomb in it?" The attendant then about 6 feet away, looked toward Allen, who said to Roth "I don't think he likes me." The bags were searched, revealing no bomb and Roth took the plane to Chicago. It appears that the attendant at first had some apprehension because of the remark, leading to the search of the bags, but was soon convinced the bomb remark was made in jest.

■ The Court in finding Allen guilty held that he had wilfully conveyed the false information, knowing it to be false, within the meaning in which "wilfully" was used in the statute, citing the opinions of this court concerning the use of the word in other statutes in American Surety Company v. Sullivan, 7 F.2d 605 (2 Cir., 1925) and United States v. Gris, 247 F.2d 860, 864 (2 Cir., 1957). In this we hold that it was correct. While "wilfully" is a word of many meanings, we think the Congress in this misdemeanor statute must be taken to have used the

word in the more usual sense of knowingly, intentionally, or voluntarily. Townsend v. United States, 68 U.S.App.D.C. 223, 95 F.2d 352, 358 (1938), cert. denied 303 U.S. 664, 58 S.Ct. 830, 82 L.Ed. 1121 (1938). The legislative history is persuasive that specific evil intent was not required, for the House Report No. 1979, 84th Congress, 2nd Session, on the bill which became this Act contains this language: "The committee has amended the bill to make it clear that the legislation is intended to cover fictitious reports, as well as false reports that attempts are being made or contemplated. It is obvious that such false alarms can seriously disrupt air-carrier service, whether such reports are the work of pranksters or of subversive or other malicious elements." 2 U.S.Code Congressional and Administrative News, 84th Congress, 2nd Session, 1956, p. 3146. This language surely expresses the intent to cover words spoken in jest as well as those uttered with the specific purpose to harm the carrier by interruption of traffic.

■ In the case at bar there was no actual interruption since the search of the bags took place long before the arrival of the plane, but we cannot say that prohibition of all such false reports to protect the traffic from interruption was an excessive exercise of Congressional power.

■ The language of the report quoted above seems to us also to negate appellant's contention, relying on Carlson v. United States, 296 F.2d 909 (9 Cir., 1961), that an actual intent to damage on someone's part need be incorporated in the charge, for fictitious as well as false reports are intended to be covered. Here the false report that a bomb is in the bag Roth was to carry aboard the plane, in any event is open to the inference that Allen meant that destruction of the plane was contemplated by Roth.

The amendment to this Act by the 1st session of the 87th Congress in 1961 removing "wilfully" from the misdemeanor

2. Subsequent to affirmance on appeal, on June 3, 1963 the judgment was amended by the District Court to suspend sentence after two months.

section is no indication that practical jokers were not intended to be covered by the earlier Act, for the Act as amended still makes conveying of the false information without malice a misdemeanor, while it adds a felony provision when done wilfully *and* maliciously or with a reckless disregard for human life. Allen's statement, even if meant for a jest, would today fall within the misdemeanor section, as we hold it did under section 35 before the amendment.

The judgment is affirmed.