Ordie P. TAYLOR, Jr., Appellant,

v.

The UNITED STATES of America, Appellee.

No. 72-478-MO (CF).

United States District Court,
S. D. Florida.
May 18, 1973.

Lincoln Jenkins, Columbia, S. C., for appellant.

Bruce E. Wagner, Asst. U. S. Atty., Miami, Fla., for appellee.

## MEMORANDUM OPINION

FULTON, Chief Judge.

Ordie P. Taylor, appellant, was tried and convicted before the United States Magistrate for a violation of 49 U.S.C. § 1472(m).[1] A timely appeal to this Court was perfected pursuant to Rule 8 of the Magistrates' Rules,[2] 18 U.S.C. § 3401 and § 3402, seeking a review of the Magistrate's decision. The conviction is affirmed.

### FACTS

On August 4, 1972, Taylor and a companion entered the Fort Lauderdale International Airport and checked their luggage. According to the testimony of two government witnesses, Taylor and companion thereafter approached several persons entering the terminal and stated: "Is this the plane that we are going to hijack." Taylor was immediately arrested and charged with a violation of § 1472(m).

There are three issues raised by appellant on this appeal:

(I) The Magistrate's lack of impartiality as evinced by recorded statements at trial;

(II) The absence of evidence to prove a violation of 49 U.S.C. § 1472(m);

(III) The unconstitutionality of 49 U.S.C. § 1472(m) as violative of the First Amendment guarantee of free speech.

### I.

Appellant asserts the magistrate lacked the requisite impartiality necessary for a fair trial, consistent with due process. Various portions of the record are cited, out of context, in an attempt to substantiate Taylor's contention and to be illustrative of the Magistrate's alleged pre-disposition to adjudge appellant. However, the argument is unpersuasive. The record has been reviewed and no prejudical error arises by virtue of the Magistrate's statements. On the contrary, the comments were made in the proper framework of a trier of fact evaluating the evidence. Further, the record clearly shows the propriety of the statements as the natural outcome of the denial of Taylor's motion for judgment of acquittal. Since the Magistrate's comments were actual findings of fact, Taylor's challenge indirectly relates to the discharge of these fact finding duties, the performance of which should not be disturbed in the absence of clearly reversible error. Etheridge v. United States, 380 F.2d 804 (5th Cir. 1967).

---

1. (m) (1) Whoever imparts or conveys or causes to be imparted or conveyed false information, knowing the information to be false, concerning an attempt or alleged attempt being made or to be made, to do any act which would be a crime prohibited by subsection (i), (j), (k), or (*l*) of this section, shall be fined not more than $1,000 or imprisoned not more than one year, or both.

(2) Whoever willfully and maliciously, or with reckless disregard for the safety of human life, imparts or conveys or causes to be imparted or conveyed false information, knowing the information to be false, concerning an attempt or alleged attempt being made or to be made, to do any act which would be a crime prohibited by subsection (i), (j), (k), or (*l*) of this section, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

2. (a) NOTICE OF APPEAL. An appeal from a judgment of conviction by a magistrate to a judge of the district court shall be taken within 10 days after entry of the judgment. An appeal shall be taken by filing with the magistrate a notice stating that the defendant appeals from the judgment, and by serving a copy of the notice upon the United States Attorney, personally or by mail.

\* \* \* \* \*

(d) SCOPE OF APPEAL. The defendant shall not be entitled to a trial *de novo* by the judge of the district court. The scope of appeal shall be the same as on an appeal from a judgment of a district court to a court of appeals.

## II.

 Taylor claims his alleged conduct did not violate 49 U.S.C. § 1472(n) even if the statement concerning the hijack was actually uttered. Since the statement, "is this the plane we are going to hijack," was made to third persons generally and not to airport authorities or personnel, it is asserted that no violation occurred.

The statute relates to false statements conveying information relative to crimes defined within the various subsections of § 1472. Subsection (m) does not limit its applicability to only those instances where false statements are made to individuals who might be in "authority." The statute has been applied to false communication to individuals in sundry capacities with no reference to the authority of the individuals to whom the statements were made. United States v. Sullivan, 329 F.2d 755 (2d Cir. 1964); United States v. Silver, 196 F.Supp. 677 (E.D.Pa.1961); United States v. Allen, 317 F.2d 777 (2nd Cir. 1963)

## III.

 Lastly, appellant challenges 49 U.S.C. § 1472(m) as being violative of his First Amendment right of free speech, because it impinges the right of expression in instances concerning air travel. Taylor's rationale seems to be that any statute regulating verbal communications is constitutionally suspect as an attempt to stifle an absolute right to free speech. However, free speech is not absolute. Who would argue that the right to falsely "cry fire in a crowded theatre" exists by virtue of the First Amendment. There are certain classes of utterances which fall beyond the pale of the first amendment prohibition against abridgement of speech rights. In scrutinizing a statute, its constitutional validity must be ascertained by balancing the interest of retaining the right to unfettered free speech with the right of society to protect itself from some evil arising out of totally unbridled verbal communication. Dennis v. United States, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137 (1954). The scales here tip heavily in favor of the statutory regulation because of the great societal interests involved in unhindered and safe air travel. United States v. Flower, 452 F. 2d 80 (5th Cir. 1972). This Court holds 49 U.S.C. § 1472(m) constitutional.

Finding no error in the proceeding before the Magistrate, the appellant's conviction is affirmed.