**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David W. JONES, Defendant–Appellant.**

**No. 02–2151.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 2, 2002.

Decided Oct. 17, 2002.

Sharon Jackson (argued), Office of the U.S. Atty., Indianapolis, IN, for Plaintiff-Appellee.

James C. McKinley (argued), Indiana Fed. Community Defenders, Inc., Indianapolis, IN, for Defendant-Appellant.

Before BAUER, EASTERBROOK, and ROVNER, Circuit Judges.

EASTERBROOK, Circuit Judge.

Shortly after someone mailed anthrax spores to Majority Leader Daschle and several other targets in fall 2001, David Jones decided to frighten the customers and employees of the Hoosier Heartland Travel Center, where he worked. On October 11, 2001, Jones spread powdered soap on the counter of the men's room; on October 24 he used crushed aspirin; on October 26 he employed ingredients removed from herbal capsules and wrote on the door a warning about anthrax. Each time, Jones claimed to have discovered a hazard and either called law enforcement himself or encouraged others to do so. Each time, a public-health team was scrambled to the scene; the lives of other employees and customers were disrupted, and many people must have feared for their safety. There was nothing funny about these episodes, which qualified as "true threats" under *Watts v. United States*, 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969). Jones does not contend that his chicanery enjoyed any constitutional protection; he argues, instead, that his false alarms should have been prosecuted under state rather than federal law—or at least under a better federal indictment.

The indictment charged Jones with violating 18 U.S.C. § 35(b), known as the Bomb Hoax Act. After a bench trial, the district judge concluded that Jones had violated this law, which provides:

> Whoever willfully and maliciously, or with reckless disregard for the safety of human life, imparts or conveys or causes to be imparted or conveyed false information, knowing the information to be false, concerning an attempt or alleged attempt being made or to be made, to do any act which would be a crime prohibited by this chapter ... of this title shall be fined under this title, or imprisoned not more than five years, or both.

It is, in other words, unlawful to spread false information proclaiming the existence of events that would violate particular other statutes, such as 18 U.S.C. § 33, which is in the same chapter of Title 18 as is § 35. Section 33(a) says that

> [w]hoever willfully, with intent to endanger the safety of any person on board or anyone who he believes will board the

same, or with a reckless disregard for the safety of human life, damages, disables, destroys, tampers with, or places or causes to be placed any explosive or other destructive substance in, upon, or in proximity to, any motor vehicle which is used, operated, or employed in interstate or foreign commerce, or its cargo or material used or intended to be used in connection with its operation

commits a felony. The indictment charged that Jones "willfully and maliciously" disseminated false information about the harmless powder he placed in the premises of the Hoosier Heartland Travel Center, a facility used in interstate transportation. (The Travel Center is a truck stop near an interstate highway.) Real anthrax spores would have been a "destructive substance" for purposes of § 33(a) and would have endangered the safety of persons engaged in interstate commerce. The district judge found that all of this had been proved beyond a reasonable doubt, convicted Jones, and sentenced him to 12 months' imprisonment.

■ Jones's first objection to the indictment is niggling: it charged him with "knowingly impart[ing] and convey[ing] false information" instead of "imparting and conveying information that he knew to be false." It is possible that the former phrase could be read so that "knowingly" modifies only "impart", but an ordinary user of English would read this language—in the context of the whole indictment—to require proof that Jones knew that the substances were not anthrax. That is how these parties *did* read this language, and the district judge found that Jones knew that the white powders came from soap, aspirin, and herbal capsules rather than anthrax. Although the language was ambiguous, the potential for confusion was not realized. See *United States v. Quintanilla*, 2 F.3d 1469, 1477 (7th Cir.1993). Notice was given, a defense presented, and appropriate findings made.

■ His second objection is substantive, but incorrect. The indictment does not allege that Jones intended to endanger anyone's safety. Such intent is required for a violation of § 33(a), and without a violation of § 33(a) (or some other predicate offense) there can be no violation of § 35(b) either, Jones insists. That's wrong because the reference in § 35(b) to "any act which would be a crime prohibited by this chapter" is to the *actus reus* of § 33(a) (or another predicate offense), not to its *mens rea*. Section 35(b) has its own mental-state requirement. It would make no sense to borrow a mental-state rule from elsewhere, because the point of § 35(b) is to penalize *hoaxes*, and hoaxers do not intend people to be harmed. They intend shock, fright, inconvenience, but not injury or death. A bomb scare and a real bomb are designed to cause distinct kinds of injuries, so the mental-state requirements for the offenses also differ. One can imagine situations where a prank could cause death—a cry of "anthrax!" in a packed night club might lead to people being trampled or crushed—but these are rare, and a plan to cause injury is not essential to the offense. The reference in § 35(b) to predicate offenses defined elsewhere in Title 18 just identifies the types of acts that, if faked, may cause panic and divert the resources of law enforcement from real to phony threats. A person who carries out a bomb or toxin scare "willfully and maliciously, or with reckless disregard for the safety of human life" violates § 35(b) even if he lacks the intent to produce physical injury or death that is required under statutes such as § 33(a). So two other circuits have held. See *United States v. Allen*, 317 F.2d 777 (2d Cir.1963);

*United States v. White,* 475 F.2d 1228 (4th Cir.1973). We agree with these decisions.

AFFIRMED