THE STATE OF NEW JERSEY, PLAINTIFF, v. FERNANDO L. KINDLER, DEFENDANT.

Superior Court of New Jersey
Law Division Morris County

Decided August 5, 1983.

Fernando L. Kindler, defendant pro se.

*Helen Godby,* Assistant Prosecutor, for the State (*Lee S. Trumbell,* Morris County Prosecutor, attorney).

SHELTON, J.S.C.

This is an appeal from the defendant's conviction in the Montville Township Municipal Court.

The facts in this case are not in dispute. The defendant was charged with driving while that privilege was suspended. According to the officer who stopped him, a municipal court judge had ordered the suspension of the defendant's license because the defendant failed to appear before him on the return date of a traffic summons. The order of suspension had been transmitted to the Division of Motor Vehicles and noted on the defendant's driving records maintained there. It appears that no attempt was made in any way to advise the defendant of the suspension, its effective date, or duration (it does not appear that any effective date or duration was set by the municipal court judge). Defendant testified that he did not know of the suspension until advised by the arresting officer.

■ The issue to be resolved is whether a valid suspension of one's license may be effectuated in the absence of written notice to the licensee at his last known address, reciting the fact that the suspension will take place and the date of commencement of the suspension. My judgment is that it cannot.

In finding the defendant guilty, the municipal court judge concluded that under New Jersey case law no notice is required where the suspension arises out of a failure to answer a summons. This interpretation of the law is incorrect. The controlling statute, *N.J.S.A.* 39:5–30, provides that a license can be suspended or revoked "after due notice in writing of such proposed suspension, revocation or prohibition and the ground thereof."

Of the relatively few reported New Jersey cases on the issue of what constitutes due notice, perhaps the most akin to this situation is *State v. Wenof,* 102 *N.J.Super.* 370, 246 *A.2d* 59 (Law Div.1968). The court in the *Wenof* case discussed the notice issue in some detail and concluded that the actual receipt of notice is not a pre-requisite to a revocation proceeding. The statute involved did not prescribe the method of giving due notice of a proposed suspension. The court recognized that notice sent by ordinary mail to the address specified by the licensee was calculated to reach him and afford him the opportunity of resisting or avoiding the proposed suspension. Proof that the notice was so mailed was enough to meet the statute's requirement.

The court noted that when the proposed suspension is for failure to appear or respond to a summons, the defendant cannot claim he was totally without notice, even if the written notice does not reach him, because the original summons, itself, contains a notice and warning, "For failure to appear in response to this summons or to pay the prescribed fine and costs, a warrant may be issued for your arrest and your driving privileges in New Jersey may be revoked." *Id.* at 376.

Although the summons, itself, does contain warning of the consequences for failure to appear, such notice is not a *substitute* for the written notice mandated by the statute. A comprehensive reading of *Wenof* leads to the same conclusion. Nowhere in the *Wenof* decision is it stated that the warning contained in the body of the summons is sufficient notice for purposes of the revocation statute. The import of the court's statement that the language on the summons is notice is merely to point out that, in addition to the notice of proposed suspension, such language should cause the defendant to know that he may be facing consequences if he does not take action. The notice provided by the summons does not inform defendant when suspension will commence, duration of the suspension, or whether suspension is anything more than a possibility at best.

■ The law in this area is clear: defendant must be given due notice in writing after the alleged failure to appear, prior to suspension or revocation. According to *Wenof,* it is only necessary for the State to submit proof that the notice was mailed.

In this case, the State offered no evidence that notice was mailed. The suspension is invalid for failure to comply with the provisions of *N.J.S.A.* 39:5–30 and I find the defendant not guilty.

The Court notes parenthetically that its research does not reveal any statutory authority for the municipal judge to suspend driving privileges for failure to appear. It would appear that this action is reserved to the Director of Motor Vehicles, except where specifically authorized after conviction by the municipal judge. Since the Court's determination need not turn on this issue, it makes no finding as to lack of statutory or inherent jurisdiction of the municipal court to suspend driving privileges under these circumstances.