STATE of Minnesota, Respondent,

v.

Johnnie Love GREEN, Appellant.

No. C7–83–1628.

Court of Appeals of Minnesota.

July 3, 1984.

Sharon L. Hall, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., George F. Borer, Blaine City Atty., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Johnnie Love Green appeals his misdemeanor conviction of driving an automobile after his license was suspended. He contends that since he never received actual notice of the driver's license suspension, the evidence was insufficient to prove that he was guilty of willfully driving after suspension. We agree with appellant.

Reversed.

## FACTS

Following appellant's failure to pay parking fines, the Commissioner of Public Safety mailed a notice of suspension to Green's last reported address as shown by the department's records. This notice was mailed on March 15, 1983, and returned on March 22, 1983, as undeliverable. Appellant had moved and had failed to report his change of address. Nothing further was done by the department. On August 14, 1983, Green was stopped for speeding; a computer check revealed that his license had been suspended. Green incorrectly told the officer the address listed on his license was current. Green was charged with speeding and driving after suspension.

At trial, Green testified that the address listed on his license was not current and that he had not lived there since 1981 or 1982. He testified he did not know his license was suspended at the time he was stopped for speeding. The court found appellant guilty of driving after suspension in violation of Minn.Stat. § 171.20 (1982).

## ISSUE

Does the record support a conviction for willfully driving after suspension when the licensee never received notice that driving privileges were suspended?

## ANALYSIS

Appellant was charged and convicted of driving after suspension, in violation of Minn.Stat. § 171.20, subd. 2. This statute provides:

**Operation after revocation or suspension.** Any resident or nonresident whose driver's license or right or privilege to operate a motor vehicle in this state has been suspended, revoked, or cancelled, shall not operate a motor vehicle in this state under license, permit, or registration certificate issued by any other jurisdiction or otherwise during such a suspension, or after such revocation until a new license is obtained.

Appellant argues that the statute must be referenced to Minn.Stat. § 171.24 (1982), which provides:

Any person whose driver's license or driving privilege has been cancelled, suspended or revoked who disobeys such order by operating any motor vehicle, the operation of which requires a driver's license, upon the highways in this state while such license or privilege is cancelled, suspended, or revoked is guilty of a misdemeanor.

It is misdemeanor for any person to *willfully violate* any of the provisions of *this chapter* unless such violation is by any law declared to be a felony or a gross misdemeanor. (Emphasis added.)

He contends that under this statute, a willful violation must be shown, and since he never received actual notice that his license was under suspension, he cannot be convicted of violating this particular statute.

A violation of Minn.Stat. § 171.20 must be referenced to section 171.24, the penalty section for section 171. *See generally, State v. Pieschke,* 295 N.W.2d 580 (Minn. 1980); *State v. Moseng,* 254 Minn. 263, 95 N.W.2d 6 (1959).

The first question is whether the attempted delivery of the suspension by mail to appellant's last reported address was sufficient to meet due process requirements when it is undisputed he never received actual notice of suspension.

■ Due process requires only that the method of notice of suspension be reasonably calculated to reach the intended party. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94

L.Ed. 865 (1949). Mail is an efficient and effective means of communication. *Id.*

■ The record discloses the department complied with the due process notice requirement by mailing a true copy of the notice to appellant's last known address. *Hodges v. State,* 649 P.2d 775 (Okla.Crim. 1982). Actual receipt of the notice is not required to meet the due process requirement. *Id.; State v. Wenof,* 102 N.J.Super. 370, 246 A.2d 59 (1968). *See State v. Kindler,* 191 N.J.Super. 358, 466 A.2d 984 (1983). Under Minn.Stat. § 171.18 (1982), the department is only required to notify an individual of suspension "by depositing in the United States Post Office a notice addressed to the licensee at his last known address, * * *."

■ The important question is whether there has been shown a *willful* violation of Minn.Stat. § 171.20. The legislature's use of "willful" as an essential element of the offense charged cannot be ignored. *Cf. State v. Higgin,* 257 Minn. 46, 99 N.W.2d 902 (1959) (where specific intent is an essential element of the offense charged, it can never be presumed.) Willful generally means a bad purpose or evil intent in statutes involving moral turpitude. *U.S. v. Illinois Central Railroad,* 303 U.S. 239, 58 S.Ct. 533, 82 L.Ed. 773 (1938); *State v. Bowers,* 178 Minn. 589, 228 N.W. 164 (1929). In misdemeanor statutes, it means a voluntary, knowing and intentional act, as distinguished from accidental, involuntary or unintentional. *U.S. v. Perplies,* 165 F.2d 874 (7th Cir.1948). *See, Illinois Central Railroad,* 303 U.S. at 242–43, 58 S.Ct. at 534–35. The record lacks evidence that appellant willfully violated section 171.20. Appellant voluntarily and intentionally drove his car on August 14, 1983. The record does not show, however, that he intentionally drove knowing his license had been previously suspended.

A willful violation of Minn.Stat. § 171.20 subd. 2, with reference to Minn.Stat. § 171.24 (1982) cannot be shown by merely failing to report a change of address within 30 days as required by Minn.Stat. § 171.11 (1982). Something more is needed. The

two statutes are separate; the violation of either Minn.Stat. § 171.20, Subd. 2, or Minn.Stat. § 171.11 (1982) can be a misdemeanor under Minn.Stat. § 171.24, but conviction on one does not automatically trigger guilt of the other. To a reasonably prudent person, the failure to pay for a parking ticket would not *automatically* lead to *actual* knowledge that his driver's license is going to be suspended on a *specific* date. The department attempts to supply the specific date by mailing a notice of suspension, but here the department concedes that letter was returned to them in one week undelivered, and no further contacts leading to actual notice, or a strong showing of constructive notice are claimed. Minnesota residents should be aware that within 30 days of a permanent change of address, the change should be reported to the department. Awareness of that obligation does not automatically lead to actual notice of a future suspension on a specific date.

In traffic misdemeanors, as in all criminal cases, the state carries the burden of proof on all the essential elements. Here the department rested on proof that a letter mailed first class was returned to them undelivered in seven days. Nothing else in the record supports their having done anything more, or shows appellant knew of his March 15th suspension in August. *Actual notice* of suspension was required in *In re Murdock,* 68 Cal.2d 313, 66 Cal.Rptr. 380, 437 P.2d 764 (1968) because the statute there required *actual knowledge* of suspension. Similarly, our statute requires a willful violation, and a willful violation is not established merely by showing an undelivered mailing.

We note that the legislature recently enacted legislation which could change the result in this case had it been in effect. Minn.Stat. § 171.24 was amended to include the following:

Any person whose driver's license or driving privilege has been cancelled, suspended or revoked and who had been given notice of, *or reasonably should know* of the revocation, suspension or

cancellation, and who disobeys such order by operating anywhere in this state any motor vehicle, * * * is guilty of a misdemeanor.

*Notice* of revocation, suspension, or cancellation *is sufficient* if personally served, or *if mailed* by first class mail *to* the person's *last known address or* to the *address* listed on the person's *driver's license.* * * * It is not a defense that a person failed to file a change of address with the post office, or failed to notify the Department of Public Safety of a change of name or address as required under section 171.11.

Laws of Minnesota, 1984, c. 622, § 17 (emphasis added).

Minn.Stat. § 171.241, was enacted as part of the new scheme:

It is a misdemeanor for any person to willfully violate any of the provisions of this chapter unless the violation is declared by any law to be a felony or gross misdemeanor, or the violation is declared by a section of this chapter to be a misdemeanor.

Laws of Minnesota 1984, c. 622, § 18. These changes go into effect August 1, 1984. However, since appellant was charged for conduct occurring on August 14, 1983, he is entitled to a strict construction of Minn.Stat. §§ 171.20 and 171.24 in effect in August 1983. He cannot be judged by the standard of a subsequently enacted law. *See, State v. Haas,* 280 Minn. 197, 159 N.W.2d 118 (1968).

## DECISION

Appellant's conviction for driving after suspension is not supported by the evidence. A willful violation of the statute was not shown when appellant never received notice that his driver's license had been suspended.

Reversed.