UNITED STATES of America, Appellee,

v.

Paul E. HAYNESWORTH, Appellant.

Crim. No. H-89-0491.

United States District Court,
D. Maryland.

April 24, 1990.

Robert M. Thomas, Jr., Asst. U.S. Atty., Baltimore, Md., for appellee.

Denise Benvenga, Asst. Federal Public Defender, Baltimore, Md., for appellant.

## MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, Chief Judge.

Defendant Paul E. Haynesworth appeals from his conviction by a United States Magistrate of driving on a revoked license in violation of Maryland Transportation Code Ann. § 16–303(d). Following a trial before Magistrate James E. Kenkel, defendant was found guilty of the following three separate motor vehicle offenses: (1) operation of a motor vehicle after revocation of his license, (2) failing to display vehicle registration plates and (3) speeding. As to the first and second charges, the imposition of a fine was suspended, and he was ordered to pay merely a special assessment of $10 under each count. He was fined $45 for speeding and also assessed $10.

This appeal relates solely to the revocation of license charge. Defendant here contends that evidence presented at his trial was insufficient to demonstrate that he drove with the requisite actual knowledge of revocation of his license, as required for a conviction under § 16–303(d).

Defendant has timely filed his appeal and, as required by Local Rule 303.1, he has submitted a supporting memorandum of law. The government has filed a memorandum in opposition. After considering the submitted memoranda and upon reviewing the trial transcript, this Court is satisfied that no further hearing is necessary for a decision on the pending appeal. For the reasons to be stated herein, defendant's conviction will be affirmed.

## I

### Factual Background

The essential facts are undisputed. Defendant Paul E. Haynesworth is a resident of the District of Columbia, who works in Laurel, Maryland. On April 21, 1989, defendant Haynesworth was observed proceeding at a high rate of speed along the Baltimore–Washington Parkway by Police Officer David Schlosser of the United States Park Service. After defendant was stopped by Officer Schlosser, defendant displayed a driver's license from the District of Columbia. Officer Schlosser thereupon issued citations for excessive speed and for failure to have a front vehicle registration plate.

Later, Officer Schlosser obtained a certified copy of defendant's driving record from the Maryland State Motor Vehicles Administration (hereinafter "the MVA"). This record, which was introduced into evidence at the trial, indicates that on August 19, 1985, the MVA mailed a letter of revocation of license to defendant's former address in Frederick, Maryland. On September 2, 1985, defendant's license in Maryland was officially revoked.

Defendant testified that he had moved from Maryland to the District of Columbia in 1977 and that he had at or about the same time obtained a driver's license from the District of Columbia. He currently retains a valid driver's license from the District of Columbia. His Maryland driver's license is not presently in a state of suspension or revocation, as he has applied for and apparently received reinstatement in 1989.

The evidence presented at trial indicates that defendant has an exceptionally poor record of motor vehicle violations in the State of Maryland. Defendant was first convicted of driving under a revoked license in 1964. Later, in November, 1980, his Maryland license was suspended. Defendant applied for reinstatement of his license and was ordered to attend a clinic. When defendant failed to attend the clinic, his application for reinstatement of his Maryland license was denied in July 1980. In August 1980, defendant received a citation for driving on a suspended license. The case initially came up for trial in December 1980, but defendant failed to appear. Af-

ter ignoring this ticket for some time, defendant finally appeared for trial in the summer of 1985. He was convicted of his 1980 offense, and he paid an appropriate fine in 1985.

Notice of defendant's conviction in 1985 of driving on a suspended license reached the MVA, which sent out a letter in August 1985 revoking defendant's Maryland license.[1] Magistrate Kenkel found that the August 1985 letter of revocation was sent out by the MVA as an administrative response to defendant's conviction. As noted, the 1985 conviction related to his 1980 citation.

Defendant vigorously disputes the Magistrate's finding, insisting that the revocation letter was sent as a result of the MVA's misperception that defendant had failed to pay his criminal fine. Defendant testified that he learned from some person at the MVA in August 1989 that payment of the fine had not been properly credited to his record, and he argued that this administrative mistake was the cause for his failure to be reinstated in Maryland. He testified that when he made payment in 1985, he believed that he had cleared up his problems concerning the Maryland license. He asserted that he did not want to file for reinstatement in the State, because he felt that it was unnecessary in view of his having a valid District of Columbia license.

Defendant further testified that he never actually received the August 1985 letter of revocation from the MVA, because it was delivered to the wrong address. Defendant was no longer residing in Frederick, Maryland, which was the last known address recorded at the MVA. However, the letter of revocation was never returned to the MVA.

At trial, defendant was charged with, and convicted on, three Counts: Count I—operation of a motor vehicle after revocation of license, in contravention of § 16–303(d); Count II—failure to display vehicle registration plates, in violation of § 13–411(a); and Count III—excessive speed in violation of Md.Transp. Code Ann. § 21–801.1(a).

At the trial, defendant's counsel unsuccessfully moved for judgment of acquittal on the charge of operation after revocation on the ground that defendant had no actual knowledge of the revocation and that he therefore lacked the *mens rea* necessary for conviction under the statute. After finding that defendant did not take any affirmative steps to lift his revocation or suspension, Magistrate Kenkel held that defendant could not avoid liability for the violation because of his own failure to notify the MVA of his new address.

A motion for acquittal was again unsuccessfully filed following the trial. In denying the motion, Magistrate Kenkel stated in pertinent part as follows:

> I have no problem, from the facts of this case, finding that Mr. Haynesworth did not have actual knowledge that as late as 1985 Maryland sent him notice to a Frederick County address that his privileges were revoked. But what I am saying is that substituted service comports with due process when he was a licensed driver and gave that Frederick County address to the Motor Vehicle Administration, ... But "I didn't get it at that address because I moved and when I moved I never told Motor Vehicle Administration" and I don't think it rises—that lack of knowledge rises to a defense in a driving while revoked charge. It's certainly an interesting argument with more legal merit than most. But the facts are clear and someone, on review, accepting these facts could find that the Government did not meet their burden of an implied knowledge to this defendant before a court could find him guilty of driving while revoked. That I give you. I just don't come to that conclusion on the cases that I'm familiar with. So the verdict stands on your post-trial motion.

Transcript of Trial, Motions & Sentencing, Volume II, at 74–75.

Defendant now appeals the Magistrate's ruling. Defendant argues that the Magistrate's determination that he lacked actual knowledge of the revocation notice of Au-

---

**1.** There are no entries on the MVA record between 1980 and 1985.

gust 1985 precludes any finding of the element of *mens rea* necessary for conviction under § 16–303(d).

## II

### Standard of Review

The legal principles to be applied by this Court in reviewing the judgment of a magistrate are well established. Pursuant to Rule 7(e) of the Rules of Procedure for the Trial of Misdemeanors before United States Magistrates, a defendant is not entitled to a trial *de novo* by a judge of the District Court when he files such an appeal. Generally, on an appeal challenging the sufficiency of evidence to support a conviction, the District Court must determine whether there is substantial evidence, taken in a light most favorable to the government, which tends to show that the defendant is guilty of the crime beyond a reasonable doubt. *United States v. Sherman*, 421 F.2d 198, 199–200 (4th Cir.1970), *cert. denied*, 398 U.S. 914, 90 S.Ct. 1717, 26 L.Ed.2d 78 (1970); *United States v. Glover*, 381 F.Supp. 1139, 1141 (D.Md.1974). Factual determinations made by the Magistrate will not be overturned on appeal unless they are clearly erroneous. *United States v. Harris*, 381 F.Supp. 1095, 1097 (E.D.Pa.1974); *Taylor v. United States*, 358 F.Supp. 384, 385 (S.D.Fla.1973). Of course, as to questions of law, this Court's scope of review is *de novo*. *In re Brown*, 743 F.2d 664, 666 (9th Cir.1984). Finally, the Court "may affirm a judgment on any basis supported in the record if to do so does not unfairly prejudice the appellant in presentation of his case." *United States v. Gould*, 741 F.2d 45, 50 n. 5 (4th Cir.1984) (citing *S.E.C. v. Chenery Corp.*, 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943)).

Applying these principles here, this Court finds and concludes that the judgment of conviction must be affirmed. Under the particular facts of this case, the Court is satisfied that defendant's conviction for driving on a revoked license should be affirmed.

## III

### Discussion

The criminal offenses of driving while one's license is suspended or revoked are contained in Md.Transp. Code Ann. §§ 16–303(c) and (d), respectively, as follows:

(c) Suspended licenses generally.—A person may not drive a motor vehicle on any highway or on any property specified in § 21–101.1 of this article while the person's license or privilege to drive is suspended in this State.

(d) Revoked licenses.—A person may not drive a motor vehicle on any highway or on any property specified in § 21.101.1 of this article while the person's license or privilege to drive is revoked in this State.

The statute is thus silent as to whether *scienter* or *mens rea* is a necessary element of the crime.

In support of his appeal, defendant relies principally on two cases which relate to the issues presented here. In a case which was not before Magistrate Kenkel at the time of his decision, *McCallum v. State*, 81 Md.App. 403, 567 A.2d 967 (1990), *cert. granted*, 319 Md. 111, 570 A.2d 1244 (1990), the Maryland Court of Special Appeals specifically held that *mens rea* is an element of the crime of driving while a license is suspended. In that case, the defendant's license had been suspended for failure to pay a fine, after which he became involved in a motor vehicle accident. Because he had changed addresses, the defendant in *McCallum* contended that he never received actual notice of his license suspension. The trial court refused to instruct the jury that in order to convict defendant, it had to find that defendant possessed actual knowledge of the suspension. The Court of Special Appeals reversed. In view of the potential penalty of incarceration and the notice provisions of the statute, the Court ruled, a person charged with driving while a license is suspended must be shown to have had actual knowledge of, or received actual notice of, his suspension before he could be convicted of the crime. *Id.* 81 Md.App. at 417–18, 567 A.2d 967. In a footnote, the Court cautioned: "We hasten to add that proof of MVA's compliance

with its own procedure in accordance with Md.Transportation Code § 12–114 by which notice of suspension is sent to the licensee may, depending on the facts of the case, provide strong proof of the presence of *mens rea.*"

In *State v. Green*, 351 N.W.2d 42 (Minn. 1984), the Minnesota Court of Appeals reversed the conviction of an individual charged under a statute which penalized persons who "willfully" operated a motor vehicle after suspension of their driver's license. Pursuant to defendant's failure to pay parking fines, the State agency mailed a notice of suspension to defendant's last reported address. This notice was returned as undelivered, and nothing further was done by the State agency. Later, defendant was cited for speeding, and it was then discovered that his license had been suspended. The Minnesota Court ruled that the evidence did not sufficiently support defendant's conviction. A "willful" violation could not be demonstrated by mere failure of the person to report his change of address to the State agency, nor by the State agency's showing of an undelivered mailing. *Id.* at 44. Rather, the Court held that the government was required to demonstrate actual notice of defendant of the license suspension or a "strong showing of constructive notice" of defendant. *Id.*

▌ After reviewing these authorities, this Court nevertheless finds and concludes that defendant's conviction must be affirmed; however, such affirmance will be based on grounds other than those articulated by the United States Magistrate. In view of the unique facts of this case, it is clear that defendant knew or very well should have known that his Maryland license was still suspended or revoked when he was driving in Maryland in 1989.

Although the recent *McCallum* decision would appear to cast some doubt on the determinations made by Magistrate Kenkel

in finding defendant guilty as charged, it is not necessary in this case to decide whether the reasons given by Magistrate Kenkel support this conviction. At the very least, constructive notice exists, and a strong showing of constructive notice under all the circumstances may be sufficient to satisfy the *mens rea* element of the crime. *See Green*, 351 N.W.2d at 44. Indeed, the Court in *McCallum* stated that a showing of compliance by the MVA with its notification procedures would constitute strong evidence of *mens rea* on the part of defendant. On the record here, the government has made a strong showing of constructive if not actual notice on the part of the defendant that his license had been revoked. Accordingly, his conviction will be affirmed.

▌ First, there is no dispute that the MVA here complied with its notification procedures when it mailed the notice of revocation to defendant's last known address.[2] Md.Transp. Code Ann. § 12–114. Defendant had not informed the MVA of his current District of Columbia residence. Second, with respect to the issue of knowledge of his Maryland revocation, defendant's contentions ring hollow.

Defendant could not have reasonably believed that he could operate a vehicle in Maryland merely because he had a valid license and registration in the District of Columbia. Defendant knew or very well should have known in April of 1989 that he was still suspended or revoked in Maryland and that he would remain so unless he pursued certain affirmative administrative steps. Defendant's driving privileges had been suspended in October 1964 and then revoked in December 1964. Defendant's revocation in December 1964 was the result of his having been found to be driving on a suspended license. He thereafter regained his license, but it was once again suspended in November 1980. He applied for rein-

---

**2.** Plaintiff's reliance on § 16–102(a)(9) is misplaced. Section 16–102(a)(9), which exempts from the reach of the Maryland licensing requirements non-resident drivers who are already licensed out-of-state, does not apply to drivers who already have Maryland licenses and

then change their residence. When read in context of § 16–116's mandatory notification provision, it is evident that § 16–102 merely lists persons exempt from the initial licensing requirements of Maryland.

statement in 1980, but he was denied reinstatement in July 1980 for failing to attend a clinic. Thereafter, he was convicted in 1985 of driving on a suspended license, and his license was never subsequently reinstated. Thus, defendant knew or must be deemed to have known that he could not drive in Maryland with a suspended or revoked Maryland license. *See* § 16–303(d).

With reference to defendant's assertion that he felt that his payment in 1985 for his conviction was enough to resolve any problems in Maryland, that belief is, as Magistrate Kenkel found at trial, utterly unreasonable. In 1985, defendant had just been convicted of driving on an invalid license, and he certainly could not have believed that paying his criminal fine would thereby relieve him of his problems with his Maryland license. Already aware that he had been found criminally responsible for driving on a suspended license, defendant cannot escape the inevitable administrative sanction of revocation by asserting that he never received actual notification of same. Indeed, defendant could not have expected anything other than revocation of his Maryland license. Even if the notice of revocation was mailed to the wrong address, defendant's knowingly driving in Maryland without a valid Maryland license is sufficient grounds for his conviction.

Finally, the Court would note the unfortunate policy implications of plaintiff's position in this case. The government correctly notes that the driving of a motor vehicle is a privilege which Maryland confers on its citizens. Since defendant had repeatedly violated Maryland's motor vehicle laws, his privilege to drive in Maryland had quite understandably been revoked, and he was prohibited from driving in this State, whether or not he remained a Maryland resident. Only by applying for reinstatement of his driving privileges and having it granted could defendant legally drive in Maryland. Finding in favor of defendant under the facts here would circumvent these requirements by allowing individuals to merely move into an adjacent jurisdiction, assert that they had never received actual notice of revocation in Maryland and thereby avoid enforcement of this State's motor vehicle laws. If such were permissible, Maryland would be forced to make personal delivery of each suspension or revocation in order to establish actual notice to a defendant.

## IV

### *Conclusion*

Accordingly, for all the reasons stated, it is this 24th day of April 1990, by the United States District Court for the District of Maryland,

ORDERED:

That the judgment and sentence of the United States Magistrate imposed on December 14, 1989 be and the same is hereby affirmed.