294 N.J. Super. 198 (1996)
682 A.2d 1227
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
REBECCA FERRIER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 1996.
Decided October 4, 1996.
*199 Before Judges LONG, SKILLMAN and A.A. RODRIGUEZ.
John R. Klotz, argued the cause for appellant.
Thomas E. Bracken, Assistant Prosecutor, argued the cause for respondent (Dennis O'Leary, Sussex County Prosecutor, attorney).
The opinion of the court was delivered by RODRIGUEZ, A.A., J.A.D.
Defendant was convicted in the Municipal Court of Sparta and again, after a trial de novo in the Law Division, of driving while her driver's license was suspended, N.J.S.A. 39:3-40. The municipal judge found that this was defendant's third conviction for the same offense and imposed a mandatory custodial ten-day term, as well as a sixty-day loss of license, a $1,000 fine, and $30 in court costs. The Law Division judge imposed the same sentence. We affirm.
On August 17, 1994, the Director of the Division of Motor Vehicles (Director), suspended defendant's driving privileges for a period of ninety days. Defendant did not move to restore her driving privileges after the expiration of the period of suspension. On December 23, 1994, defendant operated a motor vehicle and received a summons.
The case was tried on stipulated facts. The transcript of the hearing in the municipal court indicates,
The stipulations are that operation is not in question. The defense is stipulating that on the date of the summons  I believe it was December 23rd, 1994, in Sparta Township  the defendant was operating a motor vehicle.

*200 Also, there is a stipulation as to her certified abstract, which shows she was, indeed,  her privileges were revoked on that date. Her driving privileges were revoked.
Also, there's an order of suspension. The order of suspension has a date prepared, a date of August 17th, 1994, showing that her privileges were suspended as of August 15th, 1994. It also shows another outstanding suspension that was effective May 1st, 1994. And there's a mailing list showing that that order of suspension was mailed to her. And I believe there's a stipulation that she received the order of suspension.
On appeal, defendant contends that: (1) she was deprived of due process when the Director suspended her driver's license without informing her of the charge and affording her the opportunity to be heard prior to the suspension, and (2) revocation of her driver's license was ineffective due to the Director's failure to comply with the requirements of N.J.S.A. 39:5-30 and 39:5-30.10.
We have carefully considered these contentions and are satisfied that they are clearly without merit. R. 2:11-3(e)(2). We merely note that defendant should have challenged any deficiencies in the suspension of her driver's license by appealing from that decision, rather than attacking it collaterally as a defense to a charge of violating N.J.S.A. 39:3-40. An order of suspension by the Director is a decision by a state administrative agency which may only be challenged directly in the Appellate Division after all administrative remedies have been exhausted. R. 2:2-3(a)(2); Pascucci v. Vagott, 71 N.J. 40, 53, 362 A.2d 566 (1976). Jurisdiction to consider an attack on a final decision of a state administrative agency is vested exclusively in the Appellate Division by way of appeal; the Law Division may not entertain such a challenge. Doe v. State, 165 N.J. Super. 392, 400, 398 A.2d 562 (App.Div. 1979). To the extent that State v. Wenof, 102 N.J. Super. 370, 374, 246 A.2d 59 (Law Div. 1968) and State v. Kindler, 191 N.J. Super. 358, 466 A.2d 984 (Law Div. 1983), suggest the contrary, they are overruled.
Affirmed.