**STATE of Minnesota, CITY OF LORETTO, Respondent,**

v.

**Pamela TOFTE, Appellant.**

No. C6–96–2236.

Court of Appeals of Minnesota.

May 20, 1997.

Hubert H. Humphrey, Attorney General, St. Paul, Steven M. Tallen, Tallen and Baertschi, Minneapolis, for Respondent.

Patrick V. Johnson, Speeter, Johnson, Hamilton & Wurst, Minneapolis, for Appellant.

Considered and decided by DAVIES, P.J., and NORTON and EDWARD D. MULALLY, JJ.

## OPINION

EDWARD D. MULALLY, Judge.*

Appellant Pamela Tofte challenges the constitutionality of the restrictions on her driver's license and her conviction of violating the restricted license under Minn.Stat. § 171.09 (1996).

## FACTS

On January 30, 1984, appellant's driver's license was cancelled as "inimical to public safety," pursuant to Minn.Stat. §§ 171.14 and 171.04(8) (1982). As a part of reinstatement, appellant, on September 26, 1985, signed a form agreeing to total abstinence as a condition for receipt of driving privileges and stating that any use of alcohol or drugs coming to the attention of the Commissioner would subject her to immediate cancellation and denial of driving privileges. She was issued a "B card" with her driver's license, which states that any use of alcohol or drugs invalidates the license.

On October 8, 1995, at 4:46 p.m., a police officer stopped appellant for driving 42 miles per hour in a 30 mile per hour zone. The officer testified he smelled the odor of an alcoholic beverage emanating from appellant. However, when questioned, appellant denied that she had been drinking. The officer administered to appellant a portable breath test (PBT), which indicated appellant's alcohol concentration level was greater than .00 but less than .05. After the PBT test, the officer asked appellant why she did not tell the truth and when she had her last drink. Appellant replied she had her last drink at 1:00 p.m. The officer asked appellant to wait in her car while he checked appellant's license on his mobile display terminal. The license check revealed appellant had a B class license restriction. The officer placed appellant under arrest for speeding and violating a restricted driver's license.

After denial of appellant's motion to dismiss for lack of probable cause, the district court held an omnibus hearing and trial on September 10, 1996. Following the trial, the

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

district court found appellant guilty of speeding and violating a restricted driver's license under Minn.Stat. § 171.09 (1996). Appellant appealed the latter conviction.

## ISSUES

I. Were the restrictions stated on appellant's driver's license prohibiting her from any use of alcohol or drugs sufficiently clear?

II. To obtain a conviction under Minn. Stat. § 171.09, must the state prove the Commissioner invalidated appellant's license?

III. Was the conviction under Minn.Stat. § 171.09 supported by sufficient evidence?

## ANALYSIS

### I.

The district court found appellant guilty of driving a motor vehicle in violation of the restrictions imposed on her driver's license under Minn.Stat. § 171.09 (1996), which provides:

> The commissioner shall have the authority, when good cause appears, to impose restrictions suitable to the licensee's driving ability or such other restrictions applicable to the licensee as the commissioner may determine to be appropriate to assure the safe operation of a motor vehicle by the licensee. The commissioner may, upon receiving satisfactory evidence of any violation of the restrictions of the license, suspend or revoke the license. * * *

> It is unlawful for any person to operate a motor vehicle in any manner in violation of the restrictions imposed in a restricted license issued to that person.

Minn.Stat. § 171.241 (1996), provides that, with certain exceptions, a violation of any provision of this chapter shall constitute a misdemeanor. Read together, sections 171.09 and 171.241 make it is a misdemeanor for any person to operate a vehicle in any manner in violation of a restricted license.

In *State v. Moseng,* 254 Minn. 263, 268, 95 N.W.2d 6, 11 (1959), the supreme court stated license restrictions must be "clear and positive by way of expression so that the licensee may understand what he can and cannot do." The court further stated:

There is a well-known principle of statutory construction, * * * that purely statutory offenses cannot be established by implication, and that acts otherwise either innocent or lawful do not become crimes unless there is a clear and positive expression of the legislative intent to make them criminal.

We take it no one disputes the rule that a criminal statute must be definite as to persons within the scope of the statute and the acts which are penalized, and if the criminal statute is not definite, the due process clauses of Minn. Const. art. 1, § 7, and of U.S. Const. Amends. V and XIV, whichever may be applicable, are violated. * * * Where a statute contains remedial and penal provisions, the former are to be construed liberally and the latter strictly.

*Id.* at 268–69, 95 N.W.2d at 11 (citation omitted).

In *Moseng,* appellant's license was restricted as follows: "Driving only to and from and as required by employment Monday thru Saturday." *Id.* at 265, 95 N.W.2d at 9. Appellant stopped at a bar on the way home and parked his car opposite the direction to his home. *Id.* When appellant was driving away in a southerly direction opposite to his home, two police officers stopped him and placed him under arrest for driving a motor vehicle in violation of his restricted license. *Id.* On appeal, the supreme court addressed the question whether the appellant was deprived of his rights without due process of law by reason of the vagueness of the restriction imposed upon appellant's driver's license. *Id.* at 266, 95 N.W.2d at 10. The court answered the question in the affirmative, reversed and vacated the conviction of driving a motor vehicle in violation of the restrictions on his driver's license. *Id.* at 272, 95 N.W.2d at 13.

◼ Here, appellant's license was accompanied by a "B card," which states "any use of alcohol or drugs invalidate license." The "B card" has been construed to mean that the license is conditioned on abstention from alcohol or drugs, and any violation of that condition is a ground for cancellation and denial of driving privilege. *Lamusga v.*

Commissioner of Pub. Safety, 536 N.W.2d 644, 649 (Minn.App.1995), *review denied* (Minn. Oct. 27, 1995); *Askildson v. Commissioner of Pub. Safety*, 403 N.W.2d 674, 678 (Minn.App.1987), *review denied* (Minn. May 28, 1987). This is true regardless of whether the alcohol consumption was connected to driving. *Lamusga*, 536 N.W.2d at 649.

Appellant argues the restrictions on her driver's license are not sufficiently clear by way of expression to inform her what she can or cannot do in the operation of a motor vehicle. To support her position, appellant makes two arguments. First, appellant, citing *Webster's New Dictionary*, defines "invalid" to mean, among others, "to render invalid; to deprive of legal force." However, appellant's own cite to the dictionary definition does not support her argument that use of alcohol invalidates a restricted licensee's license only during the period of use. Moreover, appellant's argument is contrary to the statute and case law. Minn.Stat. § 171.09; *Lamusga*, 536 N.W.2d at 649; *Askildson*, 403 N.W.2d at 678. Further, appellant's signed statement acknowledges that "I understand that if I fail to maintain total abstinence all driving privileges will be cancelled and denied indefinitely."

Second, appellant, relying on *Plaster v. Commissioner of Pub. Safety*, 490 N.W.2d 904 (Minn.App.1992), argues "any use of alcohol or drugs" is not sufficiently clear as to whether the restrictions include consumption of consumer products with alcohol contents or legal drugs. Appellant's reliance on *Plaster* is misplaced.

In *Plaster*, the court made it clear that consumption of nonalcoholic beer did not violate the abstinence requirement of the B card. *Id.* at 908. We conclude that for the same reason, use of consumer products, such as shampoo, does not violate the B card either. Further, in *Plaster*, the court found there was no evidence indicating appellant consumed any intoxicating beverage. *Id.* at 907–08. Here, however, there was evidence that appellant consumed an intoxicating beverage: (1) the odor of an alcoholic beverage coming from appellant's person; and (2) appellant's admission that she had her last drink at 1:00 p.m. that day.

Because the restrictions on appellant's driver's license clearly informed appellant as to what is prohibited and the consequences of violating the restrictions, we conclude they are not void for uncertainty.

## II.

To establish appellant's guilt for violating the restrictions imposed in a restricted license, the state must prove beyond a reasonable doubt that the person was operating a motor vehicle and that he or she was doing so in violation of the restrictions imposed. Minn.Stat. § 171.09. Appellant argues that to obtain a conviction under Minn.Stat. § 171.09, the state must prove the Commissioner invalidated appellant's license. We disagree.

Appellant's argument indicates appellant confused the civil remedy with the criminal penalty provided by section 171.09. Under the civil provision of section 171.09, the Commissioner may "upon receiving satisfactory evidence of any violation of the restrictions of the license, suspend or revoke the license." *Id.* The penal provision of the statute makes it unlawful for any person to operate a motor vehicle in violation of the restrictions of a driver's license. *Id.* Appellant was charged with a crime under the penal provision of section 171.09. To obtain a conviction, the state is not required to prove the Commissioner invalidated appellant's license. All the state need prove is that appellant drove a motor vehicle in violation of the B card prohibiting her from consuming any alcohol or drugs.

## III.

When a party challenges the sufficiency of the evidence,

> our review on appeal is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did.

*State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989).

Appellant argues there was insufficient evidence to sustain the conviction under Minn.Stat. § 171.09. We disagree. At trial, the state offered the following evidence: (1) appellant was seen driving in excess of the speed limit; (2) the officer smelled the odor of an alcoholic beverage coming from appellant's person; (3) appellant admitted to have had her last drink at 1:00 p.m. that day. Viewing this evidence in the light most favorable to the conviction, we conclude there was sufficient evidence to support the district court's finding that appellant was guilty of a misdemeanor in violation of Minn.Stat. § 171.09.

## DECISION

The district court did not err in concluding that the restrictions on appellant's driver's license were sufficiently clear; that the state need not prove the Commissioner invalidated appellant's license for a conviction under Minn.Stat. § 171.09; and that appellant's conviction for driving a motor vehicle in violation of the restrictions on her driver's license was supported by sufficient evidence.

**Affirmed.**