**STATE of Minnesota, Respondent,**

v.

**Brian Henry. RHODE, Appellant.**

No. C7–00–1232.

Court of Appeals of Minnesota.

May 1, 2001.

Mike Hatch, Attorney General, St. Paul; and Gaylord A. Saetre, Todd County At-

torney, Joe E. Judd, Assistant County Attorney, Long Prairie, for respondent.

G. Marlene Clark and Kirk R. Olson, Long Prairie, for appellant.

Considered and decided by AMUNDSON, P.J., KLAPHAKE and WILLIS, JJ.

## OPINION

WILLIS, Judge

Appellant Brian H. Rhode challenges his conviction of violating a driver's-license restriction, arguing that (1) the state did not prove that it had notified appellant of the no-alcohol restriction and (2) because there was no proof that he was given notice of the restriction, the state could not prove a willful violation. Because there was insufficient evidence to show that appellant willfully violated the no-alcohol restriction, we reverse.

## FACTS

On February 2, 2000, a Todd County sheriff's deputy stopped appellant Brian H. Rhode at 3:00 a.m. for driving without a taillight. The deputy testified that Rhode stepped out of his vehicle wearing no shoes. After placing Rhode in the front seat of the squad car to get him out of the cold weather, the deputy asked him for his driver's license, which Rhode did not have with him. While they were in the squad car, the deputy smelled alcohol on Rhode's breath and asked him to submit to a portable breath test, which showed that he had an alcohol concentration of .12. The deputy informed Rhode that he would have to accompany him to the police station to take another test. The second test showed that his alcohol concentration was .09.

A jury found Rhode guilty of operating a motor vehicle in violation of a "no use of alcohol" restriction on his driver's license. Rhode then moved for entry of a judgment of acquittal, and each party was given the opportunity to file legal memoranda. The court denied Rhode's motion, and this appeal followed.

## ISSUES

I. Whether a violation of Minn.Stat. § 171.09 (2000) requires proof of willfulness?

II. Whether there was sufficient evidence to convict Rhode of willfully violating a "no use of alcohol" restriction on his driver's license?

## ANALYSIS

### I.

■ Rhode argues that (1) willfulness is an essential element of the offense of violating a driver's-license restriction and (2) the state did not prove that he willfully drove in violation of the statute. He asserts that this case is governed by *State v. Green*, 351 N.W.2d 42 (Minn.App.1984), where this court concluded that there was insufficient evidence to show that the defendant had willfully driven after his license was suspended because there was no evidence that he received notice of the suspension. *Id.* at 44. Rhode argues that *Green* stands for the proposition that Minn.Stat. § 171.09 (2000), which makes it "unlawful for any person to operate a motor vehicle in any manner in violation of the restrictions imposed" on his or her license, contains a willfulness element. But the defendant in *Green* was not charged under Minn.Stat. § 171.09; rather, he was charged under Minn.Stat. § 171.20, which governs revocations, suspensions, and cancellations of driver's licenses. Therefore, *Green* is inapposite.

■ The district court here did not instruct the jury that the state had to show

willfulness to prove a violation of Minn. Stat. § 171.09; rather, the court instructed the jury that the state had to prove that Rhode "knew or should have known" that the restriction had been placed on his driver's license. Whether Minn.Stat. § 171.09 contains a willfulness element is a question of statutory construction, which is a legal determination subject to de novo review. *State v. Patch,* 594 N.W.2d 537, 538 (Minn. App.1999). Section 171.09 makes it unlawful to drive in violation of any restrictions imposed on a driver's license by the Commissioner of Public Safety. Section 171.241 provides that it

> is a misdemeanor for any person to *willfully violate any of the provisions of this chapter* unless the violation is declared by any law to be a felony or gross misdemeanor, or the violation is declared by a section of this chapter to be a misdemeanor.

Minn.Stat. § 171.241 (2000) (emphasis added). This court has held that, "[r]ead together, sections 171.09 and 171.241 make it a misdemeanor for any person to operate a vehicle in any manner in violation of a restricted license." *State v. Tofte,* 563 N.W.2d 322, 324 (Minn.App.1997). Additionally, the supreme court has explained that

> it is clear that it was the legislative intent to make it a misdemeanor for any person to operate a vehicle in any manner in violation of the restrictions imposed in a restricted license.

*State v. Moseng,* 254 Minn. 263, 266, 95 N.W.2d 6, 10 (1959). Because violation of section 171.09 is not "declared by any law to be a felony or a gross misdemeanor" and is not declared to be a misdemeanor by another section of chapter 171 and because it is to be read in conjunction with Minn.Stat. § 171.241, which provides that a misdemeanor violation must be willful, we conclude that proof of willfulness is required to find a defendant to have violated a driver's-license restriction.

## II.

▮▮▮▮ Rhode argues that, because there was no proof that he was aware that his license was restricted, the state did not prove a willful violation. In considering a claim of insufficient evidence, a reviewing court's only inquiry is whether, on facts in the record and legitimate inferences that can be drawn from those facts, a jury could reasonably conclude that the defendant was guilty. *State v. Bias,* 419 N.W.2d 480, 484 (Minn.1988). The court must view the evidence in the light most favorable to the verdict and assume the jury believed the state's witnesses and disbelieved any contrary evidence. *State v. Miles,* 585 N.W.2d 368, 372 (Minn.1998).

The state argues that Rhode was aware of the no-alcohol restriction because it appears on his driving record on file with the Commissioner of Public Safety. The state introduced into evidence Rhode's driving record, but it produced no evidence that Rhode ever saw his record. The state fails to cite any authority, nor do we find any, for the proposition that the mere fact that a driver's record reflects such a restriction provides adequate notice of the restriction to the driver.

This court has found that a "B card" restriction, which invalidates a driver's license if the holder of the license uses alcohol or drugs, provides sufficient notice "as to what is prohibited and the consequences of violating the restrictions * * *." *Tofte,* 563 N.W.2d at 325. Here, the state presented no evidence that Rhode was issued a B card or a driver's license showing a total-abstinence restriction.

The state argues that Rhode was aware of the no-alcohol restriction because (1) he had three prior DWIs and (2) he previous-

ly had his driving privileges revoked and did not have them restored until he completed rehabilitation and passed a driving test. But this is not proof that Rhode willfully violated a restriction on his driver's license. We conclude that, even viewing the evidence in the light most favorable to the verdict, the jury could not reasonably conclude that Rhode was guilty.

## DECISION

Because the state did not prove that Rhode had notice of the driver's-license restriction, the evidence is insufficient to prove that he willfully violated Minn.Stat. § 171.09. We therefore reverse his conviction.

**Reversed.**