**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3963-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LAZAROS TSITSOULAS,

    Defendant-Appellant.

_____

Argued February 5, 2018 — Decided June 29, 2018

Before Judges O'Connor and DeAlmeida.

On appeal from Superior Court of New Jersey,
Law Division, Morris County, Municipal
Appeal No. 15-040.

Lon C. Taylor argued the cause for appellant
(Lon C. Taylor, attorney; Carmine D.
Campanile, on the brief).

Paula C. Jordao, Assistant Prosecutor,
argued the cause for respondent (Fredric M.
Knapp, Morris County Prosecutor, attorney;
Paula C. Jordao, on the brief).

PER CURIAM

Defendant Lazaros Tsitsoulas appeals from a January 5, 2016 Law Division order finding him guilty of driving while on the suspended list, N.J.S.A. 39:3-40.  We affirm.

I

We glean the following from the record.  On May 1, 2007, a Family Part judge entered an order directing defendant to pay $100 per week in child support to his ex-wife, the primary caretaker of her and defendant's two sons.  The order provided that if defendant missed two payments, an arrest warrant may issue.

On June 28, 2013, an order was entered that emancipated the older of the two children, found defendant did not owe any child support arrears, and granted him a $100 per week credit for the ensuing fifty-three weeks toward the child support he was obligated to pay for the younger son.  The record does not reveal the weekly child support amount defendant was obligated to pay at that time for the remaining unemancipated son.

On June 10, 2014, a bench warrant was issued for defendant's arrest because, according to the warrant, he failed to pay court ordered child support.  The warrant stated defendant was to be brought before the court for an enforcement hearing on an expedited basis, but noted he could be released upon the payment of $953.

2

On June 24, 2014, a Denville Township police officer was driving behind a car and inserted the license plate number of such car into the Info Cops System, to which he had access in his patrol vehicle. The system reported the driver's license of the registered owner of the car was suspended because a child support warrant had been issued. The officer then activated his overhead lights and the driver of the car, subsequently identified as defendant, was pulled over. Defendant was issued a summons for driving while on the suspended list, N.J.S.A. 39:3-40.

The matter was not heard by the Municipal Court until September 2015. In the interim, in May 2015, defendant filed a motion in the Family Part to vacate the suspension of his driver's license triggered by the issuance of the June 10, 2014 arrest warrant. In his certification in support of the motion[1], defendant acknowledged the Probation Department's position he was in arrears on child support, but disputed he was in fact in arrears, claiming the Probation Division had made clerical and mathematical errors over the years.

Defendant further asserted the Probation Division did not send him a notice warning his driver's license was going to be

---

[1] No other documents submitted with or in opposition to the motion were included in the record.

3

suspended if he failed to bring his arrears current, and that he was not aware his license had been suspended until he was pulled over on June 24, 2014. For the reasons provided in his certification, defendant contended the "court ordered suspension dated June 10, 2014" had to be vacated.

On June 23, 2015, the Family Part judge denied the motion. In his written decision, the judge found defendant missed two child support payments, which resulted in the issuance of the June 10, 2014 arrest warrant. The judge noted the issuance of a child support related arrest warrant automatically suspends an obligor's driver's license. See N.J.S.A. 2A:17-56.41a.

The judge also determined defendant was aware of but refused to comply with his child support obligation. The judge found that, on May 16, 2014, a probation caseworker spoke to defendant about his failure to pay child support. Defendant told the caseworker he was ill and could not work, but thereafter failed to provide medical documentation to substantiate his claim he was too sick to work.

The caseworker advised defendant to file a motion to reduce child support or to emancipate his remaining child; otherwise, an arrest warrant would issue. Finding he was notified of the license suspension, the judge entered an order denying defendant's motion. Defendant did not appeal from that order.

4

Thereafter, the State and defendant appeared for trial in Municipal Court on the summons issued to defendant for driving while on the suspended list. In addition to testifying about the circumstances surrounding his decision to pull defendant over on June 24, 2014, the police officer commented defendant appeared surprised to learn his license had been suspended and that defendant stated he had not received any notice of suspension. Defendant also told the officer he was not paying child support at that time because his children were emancipated.

Among other things, defendant testified he was "shocked" when he learned from the police officer his license had been suspended. He also stated he did not receive notice from the Probation Division that his license had been suspended. He also claimed he did not have any child support arrears at the time he was pulled over and thus had no reason to believe his license might be suspended.

In his summation, defendant argued that before a party can be found guilty of N.J.S.A. 39:3-40, the State must prove such party had been provided notice he or she was on the suspended list. The State argued N.J.S.A. 39:3-40 does not require that, in order to be found guilty of violating this statute, a party must knowingly drive while on the suspended list.

5

The Municipal Court judge found that "if it's a violation of a court order, there's no need for notice[,]" convicted defendant of driving while suspended, and fined him $506 dollars, plus $33 in court costs. The judge did not order a suspension of his driver's license.

Defendant appealed his conviction to the Law Division. After conducting a trial de novo, the judge determined that, among other things, because N.J.S.A. 39:3-40 makes no reference to intent or knowledge, the State did not have to prove defendant had prior knowledge of his license suspension before he could be found guilty of violating N.J.S.A. 39:3-40. Because the State proved defendant's driver's license was suspended at the time he was operating a motor vehicle, the judge convicted him of driving while suspended and fined him $506, as well as $33 in court costs.

II

On appeal, defendant asserts the following for our consideration:

> POINT I: NOTICE IS A REQUIRED ELEMENT TO BE PROVEN BY THE STATE IN CASES INVOLVING A VIOLATION OF N.J.S.A. 39:3-40.
>
> POINT II: SINCE THE NOTICE REQUIREMENTS SET FORTH IN N.J.S.A. 2A:17-56.41 AND R. 5:7-5 WERE NOT FOLLOWED, DEFENDANT'S LICENSE PRIVILEGES WERE IMPROPERLY SUSPENDING [SIC],

6

WARRANTING REVERSAL OF HIS CONVICTION UNDER
N.J.S.A. 39:3-40.

When the Law Division conducts a trial de novo on the record developed in the municipal court, our appellate review is limited. State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005). "Our review is limited to determining whether there is sufficient credible evidence present in the record to support the findings of the Law Division judge, not the municipal court." Ibid. (citing State v. Johnson, 42 N.J. 146, 161-62 (1964)).

At the time he was pulled over on June 24, 2014, defendant's driver's license had been suspended since June 10, 2014 as the result of the issuance of a child support related arrest warrant. See N.J.S.A. 2A:17-56.41(a). It is statutorily mandated that the driver's license of a party who is in arrears for child support "be suspended by operation of law upon the issuance of a child support-related warrant." Ibid. Thus, defendant's driver's license had been automatically suspended on June 10, 2014 because he was in arrears on his child support obligation.

The operation of a motor vehicle during a period of driving privilege suspension is prohibited by law and subjects the violator to punishment, including further suspension of driving

privileges.  See N.J.S.A. 39:3-40.  This statute states in pertinent part:

> No person . . . whose driver's license
> . . . has been suspended . . . shall
> personally operate a motor vehicle during
> the period of . . . suspension . . . .

[Ibid.]

Although defendant's first argument point indicates he is arguing that one of the elements the State must prove when prosecuting charge of violating N.J.S.A. 39:3-40 is the defendant knew his driver's license had been suspended, in his brief he contends the mere fact he had not been noticed of his license suspension when pulled over on June 24, 2014 warrants the reversal of his conviction as a matter of law.

In State v. Ferrier, 294 N.J. Super. 198, 200 (App. Div. 1996), the defendant was convicted of violating N.J.S.A. 39:3-40 in both municipal court and after a trial de novo in the Law Division.  She appealed to us arguing, among other things, that she was deprived of due process because the Director of the Division of Motor Vehicles[2] suspended her driver's license without notifying her.  She contended that because she was

---

[2]  Effective July 1, 2003, the Motor Vehicle Commission was created and the Division of Motor Vehicles abolished.  See N.J.S.A. 39:2A-4.

8

unaware her license had been suspended at the time she allegedly violated N.J.S.A. 39:3-40, her conviction had to be reversed.

We rejected her argument, noting the defendant should have "challenged any deficiencies in the suspension of her driver's license by appealing from that decision, <u>rather than attacking it collaterally as a defense to a charge of violating N.J.S.A. 39:3-40.</u>"  <u>Ferrier</u>, 294 N.J. Super. at 200 (emphasis added).  In addition, "all that is required to support a conviction for a violation of N.J.S.A. 39:3-40 is proof of operation, coupled with proof that the operation occurred during a period of suspension or revocation."  17A <u>N.J. Practice, Municipal Court Practice</u> § 37:15, at 373 (Robert Ramsey) (rev. 3d ed. 2006).

Defendant claims a reversal of his conviction is warranted because he did not receive notice of his license suspension pursuant to N.J.S.A. 39:5-30(a).  N.J.S.A. 39:5-30(a) states in relevant part:

> Every . . . license certificate, every privilege to drive motor vehicles, . . . may be suspended or revoked, and any person may be prohibited from obtaining a driver's license . . . by the director [of the Motor Vehicle Commission] for a violation of any of the provisions of this Title . . . , after due notice in writing of such proposed suspension, revocation, disqualification or prohibition and the ground thereof. . . .

9

This statute does not govern these circumstances and does not support defendant's argument. N.J.S.A. 39:5-30(a) provides that if a person violates a provision in Title 39, among other things such person's driver's license may be suspended by the Director of the Motor Vehicle Commission (Director) after the alleged violator has received notice in writing of the proposed suspension and the ground for such suspension.

Here, however, defendant is not contending he failed to receive notice of a proposed suspension based on a violation of the motor vehicle code. He is claiming he did not receive notice his license had been suspended as a result of the issuance of the arrest warrant on June 10, 2014. Further, the notice requirements in N.J.S.A. 39:5-30(a) apply where a suspension of driving privileges results from action taken by the Director, not by a court. N.J.S.A. 39:5-30(a) is simply not applicable.

Defendant next contends the Probation Division failed to adhere to the provisions of N.J.S.A. 2A:17-56.41(a) and Rule 5:7-5, warranting the reversal of his conviction. N.J.S.A. 2A:17-56.41(a) provides in relevant part:

> If . . . a child support-related warrant
> exists, and the obligor is found to possess
> a license in the State and all appropriate
> enforcement methods to collect the child
> support arrearage have been exhausted, the

10

> Probation Division shall send a written
> notice to the obligor, by certified and
> regular mail, return receipt requested, at
> the obligor's last-known address or place of
> business or employment, advising the obligor
> that the obligor's license may be revoked or
> suspended unless, within 30 days of the
> postmark date of the notice, the obligor
> pays the full amount of the child support
> arrearage, . . . or makes a written request
> for a court hearing to the Probation
> Division.  The obligor's driver's license
> shall be suspended by operation of law upon
> the issuance of a child support-related
> warrant.

In 2014, Rule 5:7-5(e)(1) stated essentially the same as N.J.S.A. 2A:17-56.41a.

If the Family Part court erred by issuing the subject arrest warrant, defendant's remedy was to challenge that error by filing an appeal, not attack the error collaterally as a defense to a charge of violating N.J.S.A. 39:3-40.  See Ferrier, 294 N.J. Super at 200.  Although defendant did contest the suspension of his driver's license by filing a motion in the Family Part seeking to vacate that suspension, he did not appeal from the order that rejected his challenge.  His claim he received no notice of the suspension of his license as a result of the issuance of the arrest warrant is not properly before us.

Accordingly, because defendant's license was suspended at the time the police officer observed him operating a vehicle on

11

June 24, 2014, the Law Division judge properly convicted defendant of violating N.J.S.A. 39:3-40.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12