Laurel CARPENTER, Respondent,

v.

WOODVALE, INC. and Employee Benefits Administration, Relators,

and

A.J. Schaub, D.A.B.C.D., Respondent.

No. C2-86-983.

Supreme Court of Minnesota.

Feb. 13, 1987.

Kay Nord Hunt, Richard L. Plagens, Minneapolis, for appellant.

A.J. Schaub, D.A.P.C.D., Austin, for A.J. Schaub.

Laurel Carpenter, pro se.

YETKA, Justice.

Employee, Woodvale, Inc., and its insurer, Minnesota Workers' Compensation Assigned Risk Plan (employer/insurer), appeal from a decision of the WCCA which reversed the Medical Services Review Board's decision dismissing the appeal of the health care provider, A.J. Schaub, for want of jurisdiction. We reverse.

Employer/insurer disputed the reasonableness and necessity of $2,007 in bills submitted by the chiropractor for services rendered in connection with the treatment of an injured employee. An administrative conference was held July 17, 1985, to resolve the dispute. On August 16, 1985, the rehabilitation and medical specialist filed an order directing payment of 50% of the disputed medical bills or $1,003.50.

On October 7, 1985, the chiropractor filed a *pro se* notice of appeal of the medical specialist's decision and order with the

Medical Services Review Board. On January 10, 1986, the review board dismissed the appeal for want of jurisdiction because the notice had not been filed within the 30–day appeal period. Minn.Rules 5217.-0030, subp. 2 (1985).

On January 21, 1986, the chiropractor filed another *pro se* notice of appeal with the Medical Services Review Board. On February 13, 1986, the executive secretary of the Medical Services Review Board sent a notice to the parties that the matter was being certified to the WCCA on that date. On February 20, 1986, employer/insurer filed a motion to dismiss the appeal, arguing there had been no proper appeal to the WCCA to confer jurisdiction.

Employer/insurer's motion to dismiss was argued before the WCCA on April 30, 1986. The chiropractor did not appear at the hearing. In a split decision, a panel of the WCCA denied the motion to dismiss.

■ Minn.Stat. § 176.421 (1986) specifically sets forth the requirements for appeals to the WCCA. Subdivision 3 provides for the contents of the notice:

Subd. 3. Notice of appeal. The appellant or the appellant's attorney shall prepare and sign a written notice of appeal specifying:

(1) the order appealed from;

(2) that appellant appeals from the order to the workers' compensation court of appeals;

(3) the particular finding of fact or conclusion of law which the appellant claims was unsupported by substantial evidence in view of the entire record as submitted or procured by fraud, coercion, or other improper conduct; and

(4) any other ground upon which the appeal is taken.

In this case, the chiropractor's notice of appeal indicated that it was an appeal from a decision and order of "Laurel Carpenter," his patient. In fact, the appeal was from the decision and order of Gordon Spielman,

presiding officer on the Medical Services Review Board. There is nothing on the notice of appeal to indicate that it involves an appeal from the order to the WCCA as required by clause (2). As for the requirements of clauses (3) and (4), the notice contains no delineation of the particular findings of fact or conclusions of law which are allegedly in error. Instead, the notice merely repeats substantive claims that the Medical Services Review Board had previously recognized it had no jurisdiction to hear because the chiropractor's original appeal was untimely. In essence, none of the requirements of Minn.Stat. § 176.421, subd. 3 (1986) were met.

■ Subdivision 4 provides the requirements for service and filing of the notice of appeal:

Subd. 4. Service and filing of notice; cost of transcript. Within the 30–day period for taking an appeal, the appellant shall:

(1) serve a copy of the notice of appeal on each adverse party;

(2) file the original notice, with proof of service by admission or affidavit, with the chief administrative law judge and file a copy with the commissioner; [1]

(3) in order to defray the cost of the preparation of the record of the proceedings appealed from, pay to the state treasurer, office of administrative hearings account the sum of $25.

There is no evidence in the record before us indicating that the requirement of clause (1) had been complied with. The requirements of both the service of the notice of appeal and the filing thereof are jurisdictional. *Kearns v. Julette Originals Dress Co.*, 267 Minn. 278, 282, 126 N.W.2d 266, 269 (1964).

In addition to failing to meet the above requirements, the notice of appeal in this case gives absolutely no indication of even an intent to appeal to the WCCA. The Medical Services Review Board's order contains a notice that any appeals from that

1. Minn.Rules 9800.1600, subp. 1B (Supp.1986) alters this requirement in terms of where the notice must be filed when it is an appeal from the decision of the Medical Services Review Board. Under this rule, the notice must be filed with the Office of Public Affairs.

order must be filed with the WCCA. While that instruction is erroneous in that the notice of appeal from the board must be filed with the Office of Public Affairs, it still indicates who will hear the appeal.

Even though the chiropractor failed to indicate anywhere on his notice of appeal that he was appealing from the Medical Services Review Board to the WCCA, it apparently was assumed he intended to do so since he had already exercised his right to appeal his case to the Medical Services Review Board. The difficulty with this assumption is that the chiropractor neither filed a written response to the employer/insurer's motion to dismiss nor appeared at the hearing before the WCCA to explain his intent. Additionally, he has filed nothing with this court. While an appellant acting *pro se* is usually accorded some leeway in attempting to comply with court rules, he is still not relieved of the burden of, at least, adequately communicating to the court what it is he wants accomplished and by whom. *Cf. Noltimier v. Noltimier*, 280 Minn. 28, 157 N.W.2d 530 (1968) (*pro se* appellant is not relieved of the burden to provide an adequate record and preserve it in a settled case to enable review of questions he desires raised on appeal; error cannot be presumed). In this case, there simply was no notice of appeal to the WCCA; thus, the WCCA was without jurisdiction to hear the matter.

Reversed and remanded for reinstatement of the decision of the Medical Services Review Board.