*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-0619**

In the Matter of the Civil Commitment of:
Brenda Sue Loewen

**Filed September 22, 2014**
**Affirmed**
**Klaphake, Judge**[*]

Goodhue County District Court
File No. 25-PR-14-158

Brenda Sue Loewen, St. Peter, Minnesota (pro se appellant)

Stephen N. Betcher, Goodhue County Attorney, Red Wing, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Chutich, Judge; and Klaphake, Judge.

## UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant Brenda Loewen challenges the district court's order civilly committing her because she is mentally ill and no less restrictive alternative to commitment is viable. She argues primarily that her civil commitment should be reversed because the district court lacked sufficient evidence to conclude that civil commitment was necessary and because the petition for civil commitment was technically flawed. We affirm.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## D E C I S I O N

### *Sufficiency of Evidence*

Loewen makes several arguments challenging the evidence supporting the district court's order to civilly commit her. Our review of a civil commitment focuses only on whether the district court adhered to the relevant statutory requirements. *In re Civil Commitment of Janckila*, 657 N.W.2d 899, 902 (Minn. App. 2003). We will reverse the district court's findings of fact only if they are clearly erroneous. *In re McGaughey*, 536 N.W.2d 621, 623 (Minn. 1995). The same standard applies to our review of the district court's decision that no less restrictive means of treatment other than commitment is viable. *In re Thulin*, 660 N.W.2d 140, 144 (Minn. App. 2003). We review the district court's decision based on the evidence presented at the hearing. *In re Knops*, 536 N.W.2d 616, 620 (Minn. 1995). Deference to the district court's assessment of witness credibility is particularly important for findings that rest primarily on expert testimony. *Id.* But we consider de novo whether clear and convincing evidence justifies commitment. *Thulin*, 660 N.W.2d at 144.

A mentally ill person is someone with "a substantial psychiatric disorder of thought, mood, perception, orientation, or memory which grossly impairs judgment, behavior, [or] capacity to recognize reality . . . which is manifested by . . . faulty perceptions and poses a substantial likelihood of physical harm to self or others." Minn. Stat. § 253B.02, subd. 13(a) (2012). The illness may be demonstrated by "a failure to obtain necessary food, clothing, shelter, or medical care as a result of the impairment . . . [or] a recent attempt or threat to physically harm self or others." *Id.*, subd. 13(a)(1), (3).

2

The district court must find that these elements are present. *McGaughey*, 536 N.W.2d at 623. Merely speculating that the elements will arise in the future is insufficient to support a civil commitment. *Id.*

Loewen asserts that her examining physicians gave "erroneous, exaggerated, and speculative" testimony, that the examiners and the social worker gave evidence on topics that "they had no direct knowledge" of, and that there is "no clear and convincing evidence" that her commitment is warranted. She also contends that the 72-hour hold the district court ordered two days after Loewen's preliminary hearing, which followed her second, independent examination, "had a prejudicial effect on the outcome of the second hearing" and effectively foreclosed less-restrictive alternatives.

Two mental health professionals independently examined Loewen and diagnosed Loewen with delusional disorders and forms of depression; both of their reports were admitted into evidence. The doctors agreed that Loewen posed an imminent threat of harm to others because of her history of stalking behavior, consisting of previous stalking convictions and recent allegations that she was stalking the Red Wing police chief, and because of her belief others were stalking her. The second examiner emphasized that Loewen's fears were heightened after her preliminary commitment hearing and that she had expressed a need to acquire weapons as a means of defending herself against her purported stalkers. The first examiner acknowledged that his initial prognosis that Loewen would not pose a short-term threat was "an underestimate." Both examiners testified that Loewen's problems were treatable but that her fears prevented her from voluntarily submitting to treatment.

3

While Loewen denied some of these claims in her testimony, the district court's decision is based on the kind of credibility determination that we leave to the finder of fact. We are satisfied that the evidence was sufficient to establish that Loewen has a mental illness and that she needs treatment. Those conclusions are not clearly erroneous. And given the testimony it heard about her unwillingness to submit to treatment, the district court reasonably concluded that civil commitment is the least restrictive means of securing treatment for Loewen and minimizing the risk she poses to herself and others.

*Petition for Civil Commitment*

Loewen alleges three flaws in the petition to civilly commit her: that she received inadequate notice of her rights, that a member of the prepetition screening team improperly acted as petitioner, and that the petition lacked the required supporting examination. As she did not object to any of these alleged flaws before the district court, we may deem them waived. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988); *In re Travis*, 767 N.W.2d 52, 67 (Minn. App. 2009) (applying *Thiele* in civil commitment context). But we may nonetheless review and modify the district court's order in the interest of justice. Minn. R. Civ. App. P. 103.04.

Technical flaws will not invalidate a petition for civil commitment provided the patient's rights have been protected. *In re Grafstrom*, 490 N.W.2d 632, 636 (Minn. App. 1992). But we will construe any ambiguities in the civil commitment law in favor of the patient and against the state. *Id.* The screening team must give the patient written notice informing her that she "has certain rights, including the right to a court-appointed attorney, the right to request a second examiner, the right to attend hearings, and the right

4

to oppose the proceeding and to present and contest evidence." Minn. Stat. § 253B.07, subd. 1(c)(1) (2012). The petition must include "a written statement by an examiner stating that the examiner has examined the proposed patient within the 15 days preceding the filing of the petition and is of the opinion that the proposed patient is suffering a designated disability and should be committed . . . [or] documentation that a reasonable effort has been made to secure the supporting statement" if absent. *Id.*, subd. 2(c) (2012). And the petitioner may be "[a]ny interested person, except a member of the prepetition screening team." *Id.*, subd. 2(a).

Loewen accurately identifies several technical flaws in the petition. She received the statutory notice after the filing of the petition, not before. The petitioner, a county social worker, also performed the screening, contrary to the statutory requirement that the petitioner may not be a member of the screening team; and the petition did not include the required supporting statement by a doctor who had examined the patient within 15 days prior to filing the petition or a reason for the absence of such a statement. But Loewen did not object to any of these flaws before the district court, and her arguments on appeal do not suggest that she suffered any prejudice as a result. We conclude that these unobjected-to technical flaws in the petition did not deprive Loewen of any of her rights during the commitment process.

### *Other Agruments*

Loewen raises several other arguments, including that the same district court judge should have presided at her preliminary and final hearings, that the district court appointed a second, independent examiner who was ineligible for the task, and that she

received ineffective assistance of counsel. These claims consist of assertions that lack a factual and legal basis. An appellant must demonstrate that the district court erred, *Horodenski v. Lyndale Green Townhome Ass'n, Inc.*, 804 N.W.2d 366, 372 (Minn. App. 2011), and arguments that amount to mere assertions are waived unless a prejudicial error is readily apparent, *State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997). This is true even for pro se parties like Loewen, who are afforded some leeway but who are generally held to the same standards as attorneys. *Carpenter v. Woodvale, Inc.*, 400 N.W.2d 727, 729 (Minn. 1987). We therefore reject Loewen's other arguments.

**Affirmed.**