*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1668**

Ogbonna Iwu,
Relator,

vs.

Minneapolis City Council,
Respondent

**Filed June 8, 2015
Affirmed
Reyes, Judge**

Minneapolis City Council

Ogbonna Iwu, Eagan, Minnesota (pro se relator)

Susan L. Segal, Minneapolis City Attorney, Lee C. Wolf, Assistant City Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Hudson, Judge; and Bjorkman, Judge.

## UNPUBLISHED OPINION

**REYES**, Judge

In this certiorari appeal, pro se relator challenges respondent-city's revocation of his rental license, arguing that he was not given adequate notice of the revocation action. We affirm.

## FACTS

Relator Ogbonna Iwu is the owner of property located at 1626 Dupont Avenue North in Minneapolis. When he was awarded a rental-dwelling license for this property, Iwu listed himself as both the property owner and the person responsible for maintenance and management. Iwu also provided a contact address located in Eagan.

On July 6, 2012, housing inspector Harold Middleton conducted an inspection at the property and noted a number of violations of the Minneapolis Code of Ordinances. To remedy these violations, Middleton ordered Iwu to: (1) install storm windows on all single-glazed exterior window units; (2) repair the deteriorating roof overhang; (3) service the property's heating system; (4) repair all broken glass in the storm and primary windows; and (5) provide a screen door for one of the units. These orders were mailed to Iwu, and he was given until August 5, 2012, to comply.

On December 6, 2012, Middleton conducted a second inspection at the property and determined that Iwu had not complied with the previous written orders. Middleton issued an administrative citation of $250. The citation payment came due on December 31, 2012, and Iwu failed to pay it. On January 8, 2013, Middleton issued a warning notice which gave Iwu until February 7 to comply with the orders.

On April 8, Middleton conducted a third inspection of the property, determined that the property was still not in compliance with the orders, and issued another administrative citation in the amount of $500. The citation payment came due on May 4, and Iwu failed to pay it.

On June 4, Middleton conducted a fourth inspection of the property, determined that the property was not in compliance with the orders, and issued an administrative citation in the amount of $1,000. The citation payment came due on July 6, and Iwu failed to pay it. On July 18, Middleton issued a final warning notice which gave Iwu until August 8 to comply with the orders.

On October 22, Middleton conducted a fifth inspection of the property, determined that the orders had not been complied with and issued another administrative citation in the amount of $2,000. The citation payment came due on November 16, and Iwu failed to pay yet again. All five separate orders were mailed to Iwu at the address he provided in his rental-license application.

After a review of the Housing Inspections Division's records revealed that Iwu neither paid nor appealed any of the administrative citations, a Notice of Director's Determination of Noncompliance was sent to Iwu on February 7, 2014. The notice informed Iwu that his property was in violation of Minneapolis, Minn., Code of Ordinances (MCO) § 244.1910 (11)(a) (2014) due to delinquent assessments for administrative citations. Iwu was given an additional ten days to pay the citations.

Iwu failed to pay the citations, and on March 31, 2014, a Notice of Revocation of Rental License or Provisional License (Notice of Revocation) was sent to Iwu at his home address and was also posted at the property. The Notice of Revocation informed Iwu that his property remained in violation of MCO § 244.1910 due to the delinquent citations. The notice also stated that if Iwu did not appeal within 15 days, the city could take action to revoke his license. Iwu did not appeal within the 15-day period.

3

On July 22, 2014, the Housing Inspections Division made a recommendation to the Community Development & Regulatory Services Committee (Committee) to revoke Iwu's rental license based on the unpaid citations. Iwu was not present for the hearing and, pursuant to MCO § 244.1960(e), the Committee heard no new evidence. The Committee voted to recommend revoking Iwu's license and forwarded its recommendation to the Minneapolis City Council. On August 1, 2014, the city adopted the Committee's recommendation to revoke Iwu's rental license. By certiorari, Iwu appeals.

## D E C I S I O N

A writ of certiorari is the appropriate mechanism for seeking review of a municipality's quasi-judicial decision. *In re Khan*, 804 N.W.2d 132, 136 (Minn. App. 2011). A municipality's decision is quasi-judicial when "it is the product or result of discretionary investigation, consideration, and evaluation of evidentiary facts." *Staeheli v. City of St. Paul*, 732 N.W.2d 298, 303 (Minn. App. 2007) (quotation omitted). A city's revocation of a rental license is considered a quasi-judicial decision subject to certiorari review. *Khan*, 804 N.W.2d at 136. On certiorari review, this court "will uphold the decision if the lower tribunal furnished any legal and substantial basis for the action taken." *Staeheli*, 732 N.W.2d at 303 (quotation omitted).

4

Iwu argues that his procedural due-process rights were violated because the city failed to properly notify him of the revocation action.[1] "[T]he due process protections granted under the United States and Minnesota Constitutions are identical," *Fosselman v. Comm'r of Human Servs.*, 612 N.W.2d 456, 461 (Minn. App. 2000), and "[t]his court reviews the procedural due process afforded a party de novo." *Staeheli*, 732 N.W.2d at 304. To determine whether a city has violated a person's right to procedural due process, we conduct a two-step analysis. *Sawh v. City of Lino Lakes*, 823 N.W.2d 627, 632 (Minn. 2012). "First, we must identify whether the government deprived the individual of a protected life, liberty, or property interest." *Id.* Second, if such a deprivation has occurred, we "determine 'whether the procedures followed by the [government] were constitutionally sufficient.'" *Id.* (alteration in original) (quoting *Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S. Ct. 859, 861 (2011)).

The city concedes that Iwu was deprived of a constitutionally protected property right. Accordingly, our discussion focuses on *Sawh*'s second step, which analyzes the sufficiency of the procedures followed by the city. *Id.* These procedures "must provide an individual with notice and an 'opportunity to be heard at a meaningful time and in a meaningful manner.'" *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902 (1976)).

---

[1] In response, the city contends that Iwu's entire argument should be deemed waived for failing to provide proper legal citation or analysis. We reject this contention because Iwu's brief does contain references to the relevant city ordinances. Moreover, we note that Iwu is pro se, entitling him to "some leeway in attempting to comply with court rules," and conclude that he has satisfied his "burden of . . . adequately communicating to the court what it is he wants accomplished and by whom." *Carpenter v. Woodvale, Inc.*, 400 N.W.2d 727, 729 (Minn. 1987).

5

Iwu's revocation was based upon MCO § 244.1910, which states in relevant part:

> The following minimum standards and conditions shall be met in order to hold a rental dwelling license under this article. Failure to comply with any of these standards and conditions shall be adequate grounds for the . . . revocation . . . of a rental dwelling license . . . .
>
> There shall be no delinquent property taxes or assessments on the rental dwelling, nor shall any licensee be delinquent on any financial obligations owing to the city . . . .

Also relevant is MCO § 244.1940(a), which describes the proper procedure for revoking a rental license.

Iwu argues that his procedural due-process rights were violated because he was not provided adequate notice that the city was considering revoking his license. Iwu contends that if the city had posted a notice on the property on March 31, 2014, rather than August 18, 2014, his tenants would have informed him of the revocation action, and he would have participated in the subsequent hearings. We disagree for two reasons.

First, Iwu's argument is based on an incorrect factual assertion. Contrary to his assertions, the record reveals that the city did post a notice on the property on April 2, 2014. The notice clearly stated that Iwu's rental license was being revoked due to unpaid assessment citations and gave Iwu until April 23 to appeal the decision. The posting was also accompanied by a Notice of Revocation, which was sent to Iwu's listed address in Eagan and further informed him of the delinquent payments.

Second, Iwu's argument misconstrues the city's notice requirements. Iwu complains that the city's compliance director "did not use all options available to notify [him] and [his] tenants during the process of revocation." But this is not the standard.

6

Instead, "[t]he procedures afforded by the government must provide an individual with notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Sawh*, 823 N.W.2d at 632 (Minn. 2012) (quotation omitted). Moreover, the supreme court has recognized that where, as here, a municipality acts in a quasi-judicial capacity, those proceedings "do not invoke the full panoply of procedures required in regular judicial proceedings." *Barton Contracting Co., Inc. v. City of Afton*, 268 N.W.2d 712, 716 (Minn. 1978). "Due process requires only that the method of notice . . . be reasonably calculated to reach the intended party." *State v. Green*, 351 N.W.2d 42, 43-44 (Minn. App. 1984).

Here, the city mailed inspection reports to Iwu on six different occasions, all of which detailed the specific ordinance violations, the corresponding administrative citations, and the process for appealing the city's determinations. In addition, the city mailed Iwu two official warnings of the violations, both containing details regarding the violations and appeals process, and posted the Notice of Revocation at Iwu's rental property. The city also mailed Iwu a Notice of Director's Determination of Noncompliance and a Notice of Revocation, the latter of which satisfied all the requirements of MCO § 244.1940(a).[2] Lastly, the city mailed Iwu a letter dated July 11, 2014, informing him of the hearing before the Committee and stating that he would be

---

[2] The notice (1) stated that the property was in violation of MCO § 244.1910 (11)(a); (2) specified the reasons for the violation and attached the reports; (3) informed Iwu that the matter would be passed on to the city; (4) stated that Iwu could appeal the matter within 15 days; (5) stated that after revocation, the dwelling must be vacated; (6) attached a copy of the appropriate appeals procedure; and (7) posted a notice on the building itself for the purpose of notifying the tenants. *See* MCO § 244.1960.

given the opportunity to speak should he attend. Despite these correspondences, Iwu never attempted to appeal the city's determinations and failed to attend the hearing before the Committee. Moreover, Iwu's argument that he failed to do so because he never received any of the mailed items is unavailing because this court has held that "[m]ail is an efficient and effective means of communication" and "[a]ctual receipt of the notice is not required to meet the due process requirement." *Id.* at 44. This is particularly true considering the city used the home address provided by Iwu himself on his rental-license application. *See id.* ("The record discloses the department complied with the due process notice requirement by mailing a true copy of the notice to appellant's last known address."). Because the city provided Iwu with reasonable notice and a reasonable opportunity to be heard, the revocation action does not infringe upon Iwu's procedural due-process rights.

**Affirmed**.