*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0309**

In the Marriage of:

Jarrid Daniel DeGolier, petitioner,
Respondent,

vs.

Jessica Jean DeGolier Baron,
Appellant.

**Filed March 9, 2026
Affirmed in part, reversed in part, and remanded
Bratvold, Judge**

Anoka County District Court
File No. 02-FA-22-427

Whitney K. Sevilla, Tressler Law, LLC, Edina, Minnesota (for respondent)

Jessica Jean Baron, Anoka, Minnesota (pro se appellant)

Considered and decided by Cochran, Presiding Judge; Bratvold, Judge; and Schmidt, Judge.

**NONPRECEDENTIAL OPINION**

**BRATVOLD**, Judge

This appeal challenges the district court's denial of appellant's postdissolution motions. Appellant argues that the district court erred by denying her motions as untimely under Minnesota Statutes section 518.145 (2024) based on the district court's conclusion

that appellant filed the motions more than one year after the judgment and decree. We affirm in part, reverse in part, and remand.

## FACTS

Appellant Jessica Jean DeGolier Baron and respondent Jarrid Daniel DeGolier were married in 1997. DeGolier filed for dissolution of their marriage in March 2022. Baron and DeGolier had one child who was still a minor at the time of dissolution (daughter). Daughter turned 18 years old in 2024.

In August 2023, the district court held a trial over disputed issues—legal and physical custody, child support, parenting time, division of marital property, and spousal maintenance. In a written decision, the district court awarded the parties joint legal custody over daughter and awarded Baron sole physical custody. DeGolier was obligated to pay $470 per month in child support, the marital property was divided, and both parties were denied spousal maintenance. On November 16, 2023, the district court entered its judgment and decree.

Baron moved for amended findings and order and sought increased child support; one-half of DeGolier's retirement account; amendments to the district court's findings on the parties' assets, expenses, income, and budget; an award of spousal maintenance; an offset to the equalizer payment Baron owed DeGolier; and a name change. After a hearing in February 2024, the district court filed an amended-findings order on March 13, 2024, granting Baron's motion to change her name and denying all other motions.

On November 22, 2024, Baron's attorney withdrew from representation, and Baron represented herself in subsequent proceedings. On November 27, 2024, Baron moved the

2

district court to "[e]nforce established child support to be paid in full and include 2022 and 2023, adjust[ed] to reflect [DeGolier's] income" from 2022 through 2024 including "medical and extra-curricular payments that have not been paid." Baron's motion also sought to "[e]stablish spousal maintenance" and "address back child support owed from 2022 and 2023." On the same day, Baron separately moved to modify child support and award spousal maintenance.

On December 9, 2024, Baron again moved to modify child support and award spousal maintenance. Along with this motion, Baron submitted an affidavit and eight handwritten pages, each titled "Decree Flaws Supporting in Motion to Modify Child Support and Spousal Maintenance." That same day, Baron separately moved to use DeGolier's "bank statements provided to support and set child support income along with pay stubs." Baron alleged that DeGolier's "taxes are incorrect and do not reflect deposits," and she repeated requests made in her November 27 motion. Also on December 9, Baron moved for contempt proceedings against DeGolier for failure to pay child support.

On January 17, 2025, Baron moved the district court for discovery, requesting that DeGolier "show the court evidence of schedule C write offs of self-employment on 2023 taxes" and include "proof of claimed vehicle ownership," "proofs of vehicle expenses," and "proof of where and who continuous direct electronic deposits to [DeGolier's] bank account are from and what they are for."

On the same day, Baron filed a response to a motion for attorney fees and costs made by DeGolier, citing section 518.145, subdivision 2, and alleging, among other things, that DeGolier provided false information to the district court regarding his income during

the dissolution proceedings. Baron also asserted that daughter's "disability certification from the state . . . was not officially finalized" and her own spinal-stenosis diagnosis "was not verified via MRI and Orthopedic" doctor until after the final dissolution hearing.

Baron filed another motion on January 21, 2025, again citing section 518.145, subdivision 2, "requesting relief and justice" in her favor based on "proofs of [DeGolier] lying in court [about] his income and assets" and alleging that DeGolier and his attorney "created fraud and hid [DeGolier's] income." Baron also requested "some spousal maintenance or benefit . . . due to [a] new finding of severe spinal stenosis." And Baron asked the district court to "grant [her] a true and correct real address for" DeGolier.

On January 23, 2025, Baron filed in district court a summary of all of her outstanding motions, stating that she was seeking (1) payment of DeGolier's past-due child support; (2) payment of DeGolier's past-due share of medical and hockey expenses related to daughter; (3) modification of child support based on DeGolier's income as documented by deposits to his bank account; (4) payment for damage to the home security system installed in the Duluth home awarded to DeGolier in the judgment and decree; (5) reimbursement of property taxes that Baron paid in 2022 and 2023; (6) an award of half of DeGolier's retirement account; and (7) an award of spousal maintenance. In a separate motion filed on the same day, Baron argued that she was entitled to reopen the judgment and decree under section 518.145, subdivision 2.

4

On January 27, 2025, and after a hearing, the district court filed an order denying Baron's motions. In the order, the district court summarized the pending motions.[1] The district court also identified Baron's requests as seeking payment of DeGolier's "past due child support"; payment of DeGolier's "past due share of medical and hockey expenses"; modification of child-support payment amounts "based off" DeGolier's "bank statements [and] deposits"; payment for the home security system that was damaged when DeGolier accessed the Duluth home; reimbursement of property taxes Baron paid in 2022 and 2023; an award of half of DeGolier's retirement account; and an award of spousal maintenance because DeGolier "can afford spousal maintenance."

The district court determined that Baron's "various motions effectively ask the Court to reopen" the parties' judgment and decree and "reverse its findings on child support and spousal maintenance." The district court also stated, quoting section 518.145, subdivision 2, that "[s]uch motions must be made within a reasonable time and 'not more than one year after the judgment and decree . . . was entered or taken.'" The district court concluded that "the appropriate action for [Baron] to take, based on the contents of her motions and the time elapsed since entry of the [judgment and decree], would have been to pursue an appeal." The district court denied each of Baron's motions "as time-barred."

---

[1] The district court's order identified the following relevant motions: motion "to collect unreimbursed or uninsured health care expenses"; notice "of intent to collect unreimbursed or uninsured healthcare expenses" and motion for payment of the same; motion "to enforce payment of child support, including back child support, in addition to determining [DeGolier's] income and establishing spousal maintenance"; motion to hold DeGolier "in contempt of court and order to show cause"; and motion "to modify child support and/or spousal maintenance."

The district court also gave Baron "notice that submission of motions seeking the same relief (i.e., requesting reversal of the Court's order as to child support or maintenance) in the future may be met with sanctions."

Baron appeals.

## DECISION

Baron argues that the district court erred when it "ignored" three of her motions in its January 27 order.[2] Baron also identifies 14 other issues in her principal brief.[3] Baron's briefs are difficult to understand. Still, we keep some principles in mind. A self-represented litigant is "generally held to the same standards as attorneys and must comply with court rules." *Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001). "While an appellant acting *pro se* is usually accorded some leeway in attempting to comply with court rules, [she] is still not relieved of the burden of, at least, adequately communicating to the court what it is [she] wants accomplished and by whom." *Carpenter v. Woodvale, Inc.*,

---

[2] Baron's principal brief identifies these motions: motion "for production of documents" for DeGolier's claim related to a "vehicle placed in service" on March 1, 2022, and expenses on DeGolier's "2022 taxes Schedule C"; motion for DeGolier's "real address"; and motion for reimbursement of "medical and extra-curricular expenses."

[3] Baron's principal brief identifies these issues: (1) DeGolier's "added income," as documented by "consistent monthly" direct deposits; (2) medical expenses and extracurricular activity expenses not paid by DeGolier; (3) "The Court has been illuded"; (4) DeGolier's "income potential"; (5) daughter's disabilities; (6) DeGolier "has abandoned" daughter; (7) the marital home "is to be corrected in division of property"; (8) "interest of properties"; (9) Baron's expenses; (10) division of DeGolier's retirement account; (11) DeGolier's "forgotten award of business"; (12) spousal maintenance; (13) "determination of child support and spousal maintenance"; and (14) arrears on child support and spousal maintenance. We understand Baron's argument that "[t]he Court has been illuded" to refer to her claims that DeGolier defrauded the district court during the dissolution proceedings.

400 N.W.2d 727, 729 (Minn. 1987); *see also Gruenhagen v. Larson*, 246 N.W.2d 565, 569 (Minn. 1976) (stating that courts generally will not modify ordinary rules and procedures because a self-represented party lacks the skills and knowledge of an attorney).

We understand Baron's appeal to seek review of the district court's order denying her request to reopen the judgment and decree under section 518.145, subdivision 2. Because Baron's brief also appears to seek to reopen the amended-findings order, we assume, without deciding, that section 518.145, subdivision 2, also provides relief from an amended-findings order.

Appellate courts review the denial of a motion to reopen a judgment and decree for abuse of discretion. *Kornberg v. Kornberg*, 542 N.W.2d 379, 386 (Minn. 1996). "A district court abuses its discretion by making findings of fact that are unsupported by the evidence, misapplying the law, or delivering a decision that is against logic and the facts on record." *Bender v. Bernhard*, 971 N.W.2d 257, 262 (Minn. 2022) (quotation omitted). We review de novo whether the district court applied the correct legal standard in reaching its decision. *Thompson v. Thompson*, 739 N.W.2d 424, 430 (Minn. App. 2007).

"The sole relief from [a] judgment and decree lies in meeting the requirements of Minn. Stat. § 518.145, subd. 2." *Shirk v. Shirk*, 561 N.W.2d 519, 522 (Minn. 1997). Under the statute, a "court may relieve a party from a judgment and decree, order, or proceeding" for these reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under the Rules of Civil Procedure, rule 59.03;

7

(3) fraud, whether denominated intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party;

(4) the judgment and decree or order is void; or

(5) the judgment has been satisfied, released, or discharged, or a prior judgment and decree or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment and decree or order should have prospective application.

The motion must be made within a reasonable time, and for a reason under clause (1), (2), or (3), not more than one year after the judgment and decree, order, or proceeding was entered or taken.

Minn. Stat. § 518.145, subd. 2. A party may not reopen a judgment and decree for reasons other than those five enumerated in section 518.145. *See Shirk*, 561 N.W.2d at 522.

We first decide which of the issues identified in Baron's brief are *not* properly before us. Generally, we will not consider issues not previously presented to and considered by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). We therefore analyze which issues Baron raised on appeal, whether she presented those issues to the district court, and whether the district court considered those issues, keeping in mind that Baron, as a self-represented litigant, "is still not relieved of the burden of, at least, adequately communicating to the court what it is [she] wants accomplished and by whom." *Carpenter*, 400 N.W.2d at 729.

Based on our careful review of the record, we identify three issues that are properly before us: (1) Baron's request to reopen the judgment and decree and the amended-findings order to modify child support and award spousal maintenance, among other things; (2) Baron's request to enforce payment of child support, medical expenses, and extracurricular expenses as provided in the judgment and decree; and (3) Baron's motion

8

to hold DeGolier in contempt.[4] We do not consider any issue related to the "forgotten award of business," DeGolier's "income potential," or whether DeGolier "has abandoned" daughter because Baron failed to present these issues to the district court.

We also do not review issues that are not adequately briefed on appeal. *Broehm v. Mayo Clinic Rochester*, 690 N.W.2d 721, 728 (Minn. 2005). Although Baron claims that her request for DeGolier's "real address" was "ignored" by the district court, she does not include any argument related to this issue in her brief. Similarly, Baron does not make any argument for reversing the district court's denial of her request "for production of documents for [DeGolier's] claim of [a] vehicle placed in service" on March 1, 2022, and "expenses on [DeGolier's] 2022 taxes Schedule C." Because Baron did not adequately brief these issues, we do not address them.

We turn to the three issues Baron raises on appeal that Baron presented to and were considered by the district court. We recognize that the district court denied *all* of Baron's motions as untimely under section 518.145, which provides that motions "must be made within a reasonable time, and for a reason under clause (1), (2) or (3), not more than one year after the judgment and decree." Minn. Stat. § 518.145, subd. 2. But the timing requirement only applies to motions to reopen a judgment and decree or order for the five reasons enumerated in the statute. And two of Baron's motions—her motion to enforce payments under the judgment and decree and her motion to hold DeGolier in contempt—

---

[4] Though Baron does not include "contempt" in her list of issues on appeal, she argues more than once in her appellate brief that DeGolier is "in contempt," and therefore, we will consider her motion to hold him in contempt as properly raised before us.

did not seek relief for any of the five reasons enumerated under section 518.145. Thus, the district court erred in denying these motions as untimely under that statute. We therefore reverse the district court's denial as to those two motions and remand for a decision by the district court.

But Baron also filed three motions that asserted reasons enumerated in section 518.145, subdivision 2: specifically, alleging that DeGolier defrauded the district court, Baron had a recently diagnosed disability that entitled her to spousal maintenance, and that her daughter's disability was recently "certified" by the state, supporting modification of child support. We conclude that all three of these motions related to reason (1), (2), or (3) under section 518.145, subdivision 2. We therefore consider whether the district court erred in denying these motions as untimely.

Section 518.145, subdivision 2, states that motions under this section "must be made within a reasonable time, and for a reason under clause (1), (2), or (3), not more than one year after the judgment and decree, order, or proceeding was entered or taken."[5] Baron

---

[5] We read this language as unambiguously stating that one year is the maximum time in which motions to reopen under section 518.145, subdivision 2(a)(1)-(3), will be permitted. A district court may deny a motion to reopen under these provisions as untimely if it is made within one year but not within a "reasonable time." We conclude that two nonprecedential opinions are persuasive on this point because they articulate a plain reading of unambiguous statutory language. *See Maxwell v. Winge Constr. Servs., Inc.*, No. A08-1353, 2009 WL 1751556, at *4 (Minn. App. June 23, 2009) (explaining that motions filed within one year are not necessarily filed within a "reasonable time"); *Stanton v. Osgood*, No. C7-92-2575, 1993 WL 173858, at *2 (Minn. App. May 25, 1993) ("Motions made within a year are not automatically made within 'a reasonable time.'"). Here, while the district court concluded that Baron's motions were untimely, it did not specify whether the motions were filed more than one year after the judgment and decree or outside of a "reasonable time."

10

argues that the motions she filed between November 27, 2024, and January 21, 2025, challenged "both dates of the [judgment and decree] and the findings order, filed on Nov. 24th, 2024, which is less than 1 year." In her reply brief, Baron contends that the district court erred in denying her motions as untimely because she filed her motions within one year of the date that the district court filed its amended-findings order.

If Baron's motions sought to reopen the amended-findings order, then Baron would be correct that she made her motions "not more than one year" after the amended-findings order. We are not convinced by Baron's argument, however, because the substance of Baron's motions shows that she sought to reopen the judgment and decree and not the amended-findings order. Along with Baron's motion to modify child support and award spousal maintenance, which she filed on December 9, 2024, Baron attached eight handwritten pages, each captioned "Decree Flaws," in which she challenged the district court's enumerated findings in the judgment and decree, not the amended-findings order. The December 9 motions requested essentially the same relief as the motions she filed on November 27. And the January 21, 2025 motion asked the court to "review and revise the Divorce decree," not the amended-findings order. While Baron references the amended-findings order in her principal and reply briefs, she does not assert any error in failing to reopen the amended-findings order. Thus, the record does not support Baron's claim that her motions sought to reopen the amended-findings order.

Finally, we separately discuss Baron's motions that appear to describe changed circumstances as a reason to modify child support and award spousal maintenance. *See* Minn. Stat. § 518.552, subd. 5b (2024) (governing modification of child support and

11

spousal maintenance based on changed circumstances). The district court denied these motions as untimely under section 518.145, subdivision 2, but that timing provision does not govern motions based on changed circumstances. The district court's error, however, was harmless because neither motion stated a basis for modification. *See* Minn. R. Civ. P. 61 (requiring harmless error to be ignored); *Goldman v. Greenwood*, 748 N.W.2d 279, 285 (Minn. 2008) (applying rule 61 in a family appeal); *cf. Katz v. Katz*, 408 N.W.2d 835, 839 (Minn. 1987) (noting appellate courts will not reverse a district court if it reached an affirmable result for wrong reasons).

As for child support, Baron stated that her daughter's disability was "certified" by the state and asserted that this was new evidence, implying that it may also be a changed circumstance. Baron does not argue that daughter's disability has changed, however, and the district court considered daughter's disability in awarding child support in the judgment and decree. Under the terms of the judgment and decree, child support to daughter ended when she became 18 years old.

Baron's motions also sought an award of spousal maintenance based on her recent spinal-stenosis diagnosis. But Baron's condition was diagnosed after the dissolution trial, and Baron was not awarded spousal maintenance in the judgment and decree. *See McCarthy v. McCarthy*, 196 N.W.2d 305, 308 (Minn. 1972) (stating that changed circumstances will only permit a modification of spousal maintenance if spousal maintenance is granted in the first place). Baron cannot obtain modification of spousal maintenance that was never awarded. For that reason, we also reject Baron's argument that the judgment and decree should be modified to award her spousal maintenance because

12

DeGolier "can afford spousal maintenance." Thus, Baron's motions to modify child support and spousal maintenance did not provide any grounds for modification and the district court properly rejected the motions, although for different reasons. *See Katz*, 408 N.W.2d at 839.

In sum, we reverse and remand the district court's order denying Baron's motion to enforce payments under the judgment and decree and her motion to hold DeGolier in contempt because neither motion was brought under section 518.145, subdivision 2, and therefore, the district court abused its discretion in denying those motions as untimely. But we conclude that the district court did not abuse its discretion in denying as untimely Baron's motions to reopen the judgment and decree under section 518.145, subdivision 2. Those motions raised grounds under clause (1), (2) or (3) but were filed more than one year after the district court entered the judgment and decree. While the district court filed the amended-findings order less than one year before these motions, Baron's motions do not seek to reopen the amended-findings order. Thus, we affirm the district court's denial of Baron's motions to reopen.

**Affirmed in part, reversed in part, and remanded.**